THEODORE VENGHIS, RESPONDENT, v. COMMONWEALTH CASUALTY COMPANY, APPELLANT.

Argued October 22, 1924—Decided January 19, 1925.

1. When a court has jurisdiction of the subject-matter of the litigation, the attorney for the defendant appearing at the trial, and objecting, on the ground of jurisdiction, but takes part in the trial to the extent of cross-examining the plaintiff's witnesses, as to the merits of the case, he thereby submits himself to the jurisdiction of the court.

2. The rule applied to the facts of this case, where a judge of the Circuit Court, without statutory power, referred a Supreme

Court issue to a judge of the Court of Common Pleas for trial, by whom the case was tried with a jury, resulting in a verdict for the plaintiff.

On appeal from the Supreme Court.

For the appellant, *John C. Reed.*

For the respondent, *Burton A. Gaskill.*

The opinion of the court was delivered by

BLACK, J.   A fundamental, which is the only meritorious question involved on the appeal in this case, is that of jurisdiction.

The case was brought in the Supreme Court.   The cause of action grew out of a policy of accident insurance to recover the sum of $5,000.   The contract of insurance was dated November 8th, 1922, insuring Marion Nathanson not exceeding $5,000 for injuries or death suffered by reason of the ownership, maintenance or use of a Hudson coupe automobile.   The defense was a violation of the warranty contained in item five of the accident insurance policy, viz., the purpose of the use of the automobile was for pleasure purposes only.

The case coming on for trial at the January term of the Atlantic courts, 1924, it was on the 9th day of April, 1924, "referred to Hon. William H. Smathers and a jury for trial" by Judge Ralph W. E. Donges.   We can take judicial notice of the fact that Ralph W. E. Donges is a Circuit Court judge, and William H. Smathers is a judge of the Common Pleas Court of Atlantic county, New Jersey.   The order was entered *nunc pro tunc* as of January 8th, 1924.   The case was, by order of Judge Smathers, set for trial for April 16th, 1924.   On that day, when the case was moved for trial, Mr. Reed appeared for the defendant, and objected "to proceeding with the case in that court, because the court is without jurisdiction," citing *Emery* v. *King,* 64 *N. J. L.* 221.   In that case, there was no request or appointment to hold the Circuit Court under *Pamph. L.* 1891, *p.* 276.   *Common-*

*wealth Roofing Co.* v. *Palmer Leather Co.,* 67 *N. J. L.* 566, which holds that the judge of the Court of Common Pleas derives his authority to hold the Circuit Court, not from the request of the justice of the Supreme Court, but from his appointment as a judge of the Court of Common Pleas. That case was followed and applied in the case of *Higgins* v. *Egg,* 87 *Id.* 185. The action in that case was brought in the Circuit Court, the issue framed therein was tried by the judge of the Common Pleas. The objection of Mr. Reed, in this case, was overruled by the judge, to which there was an exception noted. The trial of the case then proceeded in the presence of Mr. Reed, the attorney for the defendant. At page 26 of the record, Mr. Reed said, "I think they speak for themselves," referring to the pleadings; at page 27, Mr. Reed "objected to as irrelevant, immaterial and incompetent;" Mr. Reed, "then I move to strike the answer out on the same ground." So, on page 28, exception noted. So, on page 29, answer of witness stricken out on motion of Mr. Reed. So, on pages 30 and 31; then, at pages 32 to 35, is the cross-examination of a witness, Seymour Nathanson, by Mr. Reed. So, the cross-examination of a witness, Marion Nathanson, by Mr. Reed, covering pages 41, 46. When the plaintiff rested, the motion for a nonsuit was renewed by Mr. Reed, the attorney for the defendant. Being overruled, an objection was noted. We think, from these facts, this case is governed on the question of jurisdiction by the principle that when the attorney for the defendant takes part in the trial of the case to the extent of cross-examining the witnesses, as to the merits of the litigation, it is equivalent to a general appearance. *Laura* v. *Puncerelli,* 91 *Id.* 38. As was said by this court, a defendant, who in one breath challenges the jurisdiction of the court in a pending suit and in the next asks relief against the plaintiff on the merits in the same litigation, submits himself to the jurisdiction of the court. *McGuiness* v. *McGuiness,* 72 *N. J. Eq.* 381, 384. Those cases were cited with approval by this court in the case of *Laura* v. *Singer,* 98 *N. J. L.* 98. See *Polhemus* v. *Holland Trust Co.,* 61 *N. J. Eq.* 654, 658; 4 *Corp. Jur.* 1318, § 5; 7 *R. C.*

L. 1042, §§ 75, 78. That principle, applied to the facts of the case under discussion, makes unnecessary any further discussion of the irregularity, in the order of reference to Hon. William H. Smathers. The Court of Common Pleas had jurisdiction of the subject-matter of the controversy. The case could have been brought in that court.

The other points argued, viz., that the proofs produced did not show insolvency under the terms of the policy issued to Marion Nathanson, which was submitted by the trial judge to the jury, as a question of fact, and that insolvency was incorrectly defined by the trial court, we think are without legal merit. They call for no extended discussion.

The judgment based on the verdict of the jury in favor of the plaintiff for $5,000 is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMP-BELL, LLOYD, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 13.

*For reversal*—None.