CITY OF PLAINFIELD, PROSECUTOR, v. EDWARD A. McGRATH, UNION COUNTY COURT OF COMMON PLEAS AND TIMOTHY O'DRISCOLL. RESPONDENTS.

Submitted October 6, 1936—Decided December 29, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the prosecutor, *William Newcorn.*

For the respondents, *John F. Ryan* and *Edmund J. Kiely.*

The opinion of the court was delivered by

CASE, J. Timothy O'Driscoll, a police officer of the city of Plainfield, was subjected to written charges of misconduct, was tried thereon, convicted thereof and thereupon dismissed

by the mayor and council of the city. O'Driscoll appealed from the municipal findings to the Court of Common Pleas of the county of Union under chapter 29, *Pamph. L.* 1935, *p.* 67, an amendatory supplement of the 1917 Municipalities act whereby a new section, numbered 3A, was inserted in article XVI as follows:

"If any person shall be removed from office or employment in any such police department, or from the police force of any municipality which has not adopted the provisions of an act entitled 'An act regulating the employment, tenure and discharge of certain officers and employes of this State, and of the various counties and municipalities and providing for a Civil Service Commission and defining its powers and duties,' approved April tenth, one thousand nine hundred and eight, such person may appeal such removal to the court of common pleas of the county in which such municipality is situated, and such court shall hear such case *de novo,* and may order such person reinstated in his office or employment if such court should find that such person was not guilty of the charges upon which he was removed, or may make such other order as such court may decide is proper and just under the circumstances."

The city of Plainfield thereupon moved the Pleas to dismiss the appeal on two grounds, first, that the court lacked jurisdiction to try the case, and second, that the 1935 statute was unconstitutional in that it was an invasion on the constitutional prerogative of the Supreme Court to review, by *certiorari,* the action of an inferior tribunal. The motion was denied. The Pleas thereupon made an order directing that the charges, the adjudication of guilt and all other appropriate documents material to the matter be transmitted to the clerk of the court to the end that the court might, by trial *de novo,* determine the guilt or innocence of the appellant, naming a day for the hearing of the appeal and authorizing the issue of subpœnas *ad testificandum.* That order is now before us for review.

Ordinarily *certiorari* should not be awarded until after final judgment. *Breen Iron Works* v. *Richardson,* 115 *N. J. L.* 305. The present writ was allowed on, and the essential

adjudication now to be made is concerned with, the allegation that it was not within the jurisdiction of the Court of Common Pleas of the county of Union to entertain the appeal. "When the purpose is to review the proceedings of a special tribunal, on complaint of irregular procedure in matters legally brought within its jurisdiction, a *certiorari* may legally issue before final decision, but ordinarily should not be allowed until then, for haply the tribunal may correct its own error in time; when the design to reverse proceedings of special tribunals in matters not legally brought within their jurisdiction, then the writ of *certiorari* may legally, and ordinarily should be allowed when asked for, either before or after final decision, because each step in such proceedings is an unlawful vexation of the party prosecuted, against which .this writ is his sole protection." *Mowery* v. *Camden*, 49 *Id.* 106, 109. The Court of Common Pleas in the present instance sat as a special statutory tribunal and not by reason of any constitutional or inherited common law jurisdiction. See *infra.*

The prosecutor first charges that the 1935 statute is in violation of article VI, section 1 of the constitution of the State of New Jersey and for that reason is unconstitutional in that it is an invasion upon the constitutional prerogative of the Supreme Court to review, by *certiorari,* the action of the municipal governing body. The substance of the argument is that the inherent right of the Supreme Court to review the actions of inferior tribunals by *certiorari* cannot be infringed upon directly or indirectly by any legislative act, that the mayor and council sitting in trial of the charges against O'Driscoll was a statutory tribunal, that the Supreme Court was constitutionally vested with the right to review the actions of that tribunal by writ of *certiorari* and that the appeal to the Pleas provided by the disputed statute was an invasion of that prerogative. The rule is, of course, elementary and fundamental that at common law a summary conviction was reviewable only by *certiorari;* and that rule still obtains except that in certain cases and for greater convenience and expedition the legislature has undertaken to provide an intermediate review which, however, is itself subordinate to a writ of *certiorari* issuing out of the Supreme Court by virtue of

its constitutional prerogative. That is the pronouncement of our Court of Errors and Appeals in the comparatively recent case of *Minochian* v. *Paterson,* 106 *N. J. L.* 436, and is a restatement of the law as previously set out in *Newark* v. *Kazinski,* 86 *Id.* 59; *City of Summit* v. *Iarusso,* 87 *Id.* 403, and *Board of Health* v. *Cohen,* 88 *Id.* 369. The determination of the appeal to be made by the Common Pleas and the manner of arriving thereat will be subject to review by Supreme Court *certiorari.* The 1935 statute does not, we find, infringe upon the constitutional authority of the Supreme Court.

Next and finally it is said that under the provisions of the statute, if that statute be valid, the appellant is entitled to a trial *de novo* by the Court of Common Pleas, in which event he has a right to demand a trial by jury, thus vesting in the jury the right to review the action of a municipal body. The objective of the point appears to be that if the statute calls for a trial by jury the proceeding will not be summary and therefore not reviewable by *certiorari.* Upon appeals the Common Pleas do not exercise common law jurisdiction, but only the statutory jurisdiction conferred. *Valentino* v. *Bird,* 57 *N. J. L.* 538. It was the view of Judge McGrath in the Pleas, and it is our view, that by the fair implication of the statute the appeal was to be tried in accordance with the legislation governing the removal of police officers in such instances, pursuant to the principles laid down by the Supreme Court in numerous cases as to what constitutes a fair trial. The Court of Common Pleas had jurisdiction to entertain the appeal. The statute is not unconstitutional upon the ground stated.

That is all that need now be decided. The writ will be dismissed, without costs.