SHEARER *v.* LEMAY *et al.; et vice versa.*

PER CURIAM. 1. While it is true that advertising and preparing for a sale under a power conferred in a security deed does not constitute such a pending proceeding as is contemplated by the Code, § 3-202, so as to allow the superior court of the county where the land is located and the sale is to be had to enjoin the sale, where the grantees in the security deed do not reside within that county (*John Hancock Mutual Life Ins. Co.* v. *Baskin*, 179 *Ga.* 86, 175 S. E. 251), yet where it appears, as in this case, that after property had been advertised for sale under a security deed, and a petition to enjoin the sale had been filed and a restraining order granted, there was appearance by an attorney of such non-resident defendants, who, before the filing of any plea to the jurisdiction, procured an order from the court, with the consent

of petitioner, to dissolve such restraining order pending the hearing of the petition for injunction and other relief, such action by the attorney amounted to an appearance by the defendants, so as to confer jurisdiction upon the court to hear and determine the plaintiff's petition.

2. Where one purchased land from prospective heirs who might inherit a particular tract of land on the death of a father, and the owner died without having disposed of the property by will or deed, and where the purchaser under these circumstances paid a stipulated valuable consideration, part of it being for taxes, and a part in the paying of a nurse, and was actually put in possession of the land, and thereafter made valuable improvements on the land, upon the death of the father the title, which might have descended to those who contracted with the purchaser having fallen in, would inure to the benefit of the purchaser who had paid the consideration, gone into possession and made valuable improvements; and that being true, he would be entitled to a decree of specific performance and to have the title decreed in him.

3. The petition having alleged substantially as stated above, it was not subject to demurrer on the ground that it did not set forth a contract of sale with sufficient definiteness to authorize a decree of specific performance.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Bell, J., who dissents.*

Nos. 11537, 11538. March 13, 1937.

*Julius Rink,* for plaintiff. *G. W. Langford,* for defendants.