SAMUEL KAUFMAN, PROSECUTOR, v. HERMAN J. SAMUELSON, RESPONDENT.

Submitted August 27, 1946—Decided November 1, 1946.

Before Justice PERSKIE, at chambers, pursuant to statute.

For the prosecutor, *Albert Kushinsky.*

For the respondent, *Percy Camp.*

PERSKIE, J. The basic question for decision on the facts of this case is whether the Judge of the Common Pleas Court had the statutory authority to entertain the mortgagor's application to direct the county clerk of Ocean County to cancel of record the mortgage, hereinafter described, on real estate (*R. S.* 2:66–1) when, as here, it is claimed that the mortgagee entered an appearance on the hearing of the application (*R. S.* 2:66–3) and denied that the mortgage had been paid. *R. S.* 2:66–1(a).

The facts which give rise to the posed question are as follows:

On October 31st, 1931, Herman J. Samuelson executed and delivered his bond to his father-in-law, Samuel Kaufman, in

the penal sum of $40,000, conditioned for the payment of the just sum of $20,000, and providing for a monthly reduction of principal, without interest, and further giving to the mortgagor the option to anticipate payments, and conditioned that the first payment should be made on November 1st, 1931. The stated bond was secured by a mortgage, on the land therein described, which mortgage was recorded in the office of the clerk of the County of Ocean on November 4th, 1931, in Book 253 of Mortgages, page 63, &c.

On October 3d, 1945, Samuelson made application to the Judge of the Common Pleas Court of Ocean County for an order directing the county clerk to cancel of record the aforestated mortgage on the authority of *R. S.* 2:66–1(a) and *R. S.* 2:66–2 to *R. S.* 2:66–5, inclusive. This application recites, *inter alia,* that Samuelson had made the last payment due on said mortgage on June 30th, 1938; · that there was nothing due on the mortgage; and that Samuelson believes that he has performed every condition on his part as to the terms of the mortgage, but if upon investigation by the judge, or upon disclosure by the proofs, there is or are further amounts due from him to Kaufman, he (Samuelson) is ready and willing forthwith to pay the same to effect a cancellation of the mortgage. The judge allowed a rule to show cause and it was served on the mortgagee. On the hearing of the rule, as on the adjourned day thereof, the mortgagor and the mortgagee with their counsel appeared and each actively participated in the cause. Witnesses were sworn, including the parties, and all were examined by counsel for the respective parties. This testimony was taken subject to the determination by the judge of the question raised by counsel for the mortgagee as to the power of the court to grant the relief sought. The denial of power is based upon the facts that the mortgagee, with his counsel, appeared before the judge and actively participated in the hearing, and, therefore, *R. S.* 2:66–3, invoked by the applicant, is without application, since the statute only comes into play when no person representing the holder of the mortgagee's interest appears at the time specified for the hearing of the application.

Pending the determination of the stated question, applica-

tion was made to me for a writ of *certiorari*. Since a question of power or jurisdiction over the subject-matter was in issue, and since that issue arises under a public statute which has not heretofore received judicial consideration, and thus a debatable question was clearly presented, I allowed the writ, with restraint, on the authority of *Mowery* v. *Camden,* 49 *N. J. L.* 106, 109; 6 *Atl. Rep.* 438; *Breen Iron Works* v. *Richardson,* 115 *N. J. L.* 305; 180 *Atl. Rep.* 192; *affirmed,* 117 *N. J. L.* 150; 187 *Atl. Rep.* 145; *Plainfield* v. *McGrath,* 117 *N. J. L.* 348; 188 *Atl. Rep.* 733.

I think that the position taken by the mortgagee is correct.

So far as is here pertinent, *R. S.* 2:66–1 provides that the Common Pleas Judge of any county of this state, on application of any mortgagor, or party in interest, may by his order direct the county clerk of such county to cancel of record any mortgage on real estate when;

(a) the applicant for cancellation shall present to said judge satisfactory proof that the mortgagee, or the holder of the mortgage has been fully paid the principal and interest due according to the terms thereof; or

(b) the mortgagor shall deposit with the county clerk of the county in which the mortgage is recorded any balance of principal and interest, if any, still due on the mortgage, according to the terms thereof. This provision is without application. For while the mortgagor offered forthwith to pay any sum still found to be due by him, he made no deposit of any such sums in accordance with the statute. This is not an equitable proceeding for an accounting or cancellation.

The foregoing provisions. must however be considered in light of *R. S.* 2:66–3, which reads as follows:

"When the notice of the application for the cancellation of record of a mortgage shall have been served or advertised as provided in section 2:66–2 of this title, of which service or advertisement due proof shall be made, *and the person named in the order for the service or advertisement of the notice, or any person representing him or interested therein, shall not appear at the time and place specified therein, or at such other time and place as the judge upon the return thereof may appoint* [italics mine], and the judge shall be

satisfied that the essential facts alleged in the application for cancellation are true, and the balance of principal and interest due on the mortgage, if any, shall have been paid to the county clerk, when such payment shall be required, the judge may, by order,.direct that the mortgage be canceled of record by the county clerk or register of deeds and mortgages, as the case may be, of the county in which the mortgage is of record."

It is to be noted that the authorization of the judge to order the cancellation of a mortgage under *R. S.* 2:66–3 is limited to cases where no person representing the holder of the mortgage or interest therein shall "appear at the time and place specified therein, or at such other time and place as the judge upon the return thereof may appoint." How or why this statute became a part of the public law of our state is beside the point. True, the first act concerning the cancellation of mortgages (*Pamph. L.* 1891, *ch.* 77) did not contain the italicized provisions set down in *R. S.* 2:66–3; true, *Pamph. L.* 1900, *ch.* 85, supplementing *Pamph. L.* 1891, *supra,* did contain the provision similar to the italicized provision contained in *R. S.* 2:66–3, but the same was limited, under the act of 1900, *supra,* to the cancellation of mortgages (1) to defunct corporations and (2) to the cancellation of mortgages of thirty years' record; but it is equally true that *R. S.* 2:66–3 is and has been a part of the public statute law of our state since the Revision of 1937 of our public statutes. *Cf. Duke Power Co.* v. *Somerset County Board of Taxation,* 125 *N. J. L.* 431, 433; 15 *Atl. Rep.* (*2d*) 460. It controls the instant case.

It is interesting to note what the learned author of "Jefferey's Law Precedents of New Jersey" had to say, in 1892, concerning *Pamph. L.* 1891, *supra.*. He said (at *p.* 492):

"* * * If the holder of the mortgage should appear on the return day of the notice and oppose the application, and present evidence in some legal form that the mortgage or the alleged part thereof has not been.paid, the judge would dismiss the application,, for the act does not provide any method of litigating the matter of payment, and unless it should be held that the order of the judge directing the mortgage to be

canceled had the force and effect of a judgment of record, it would be no bar in a suit to foreclose the mortgage."

What the learned author said in 1892 as to *Pamph. L.* 1891, *supra,* applies with equal force and persuasion as to *R. S.* 2:66–3. See what the author had to say as to the purpose of the act of 1891, *supra* (at *p.* 492), of his book.

The key word in *R. S.* 2:66–3 is "appear." It is urged that the mortgagee did not make a legal appearance within the meaning of that word. I disagree. "An appearance is ordinarily an overt act by which a party submits himself to the jurisdiction of court." 6 *C. J. S., tit. "Appearances,"* 4. No provision is made under this statute for the filing of any answer, set-off, counter-claim or any other answering pleading. Nor does the statute require a written appearance. If the fact that the mortgagee came to court in response to the rule, if the fact that he participated in the hearing by testifying, if the fact that the mortgagee was represented by counsel who examined him and cross-examined the witnesses for the mortgagor, and if the fact that the mortgagee denied having received payment of the mortgage, and if the fact that the mortgagee's counsel challenged the power or jurisdiction of the judge, are not overt acts sufficient to constitute an appearance it is difficult to comprehend what more the mortgagee could have done to make his appearance more efficacious. I think that the mortgagee did make a legal appearance. *Cf. Laura* v. *Puncerelli,* 91 *N. J. L.* 38, 39; 102 *Atl. Rep.* 433; *affirmed,* 92 *N. J. L.* 518; 105 *Atl. Rep.* 894; *Venghis* v. *Commonwealth Casualty Co.,* 101 *N. J. L.* 151; 127 *Atl. Rep.* 158.

In fine, I conclude that the judge was without authority or jurisdiction to direct the county clerk to cancel the mortgage of record. Let an order be presented staying the proceedings and restraining the judge from proceeding further with the cause, without prejudice, however, to the right of the mortgagor or mortgagee to institute such other available proceeding as either may deem fit and proper.

No costs are allowed to either party.