### 21649. JONES v. HUDGINS et al.

CANDLER, Justice. On June 27, 1960, T. H. Jones filed a suit in the Superior Court of Gwinnett County against J. R. Rodgers, a resident of that county, and also against Carl T. Hudgins, J. Harold Hudgins, W. G. Wallace, Mrs. Sibbie McDaniel Wallace, and Mrs. Carl T. Hudgins, all residents of DeKalb County. The original petition alleges in substance the following facts: On December 27, 1944, T. H. Jones purchased a tract of land in Gwinnett County from J. R. Rodgers for a consideration of $1,500. Prior to the preparation of a deed for it, the seller pointed out the lines and corners of the tract to the purchaser. The seller suggested that Carl T. Hudgins be employed to prepare the deed for them since he and other members of his family owned a tract north of and adjacent to the one the purchaser was acquiring. Hudgins prepared the deed but by mistake did not include in it all of the land Jones had purchased from Rodgers. The deed was recorded soon after it was executed but neither of the parties thereto discovered the mistake in its descriptive

averments until January 15, 1960. As to the defendant Rodgers, the petition prays only for reformation of the deed.

The original petition also alleges that the defendants, other than Rodgers, during the middle part of 1956, wilfully went on his land—the land he had purchased from Rodgers, and cut and removed therefrom 145 pine trees which contained 35,000 board feet, the manufactured value of which was $3,850, and there is a prayer for a money judgment against the defendants, other than Rodgers, for that amount. The original petition also prays for $5,000 as punitive damages against the defendants, other than Rodgers, and for a temporary and permanent injunction to prevent future trespasses by them on any of the land the petitioner purchased from Rodgers. The defendant Rodgers filed no defensive pleadings. The other defendants demurred to the petition on several general and special grounds, one of which is that the petition shows on its face that the Superior Court of Gwinnett County does not have jurisdiction to grant the relief sought against them, since they reside in DeKalb County. The court passed only on the ground of their demurrer, which raised the question of venue, and dismissed the petition as to them for want of jurisdiction, but gave the petitioner a specified number of days to amend. He amended his petition and alleged that, on or about February 1, 1960, the defendants, other than Rodgers, erected a fence at a location they claimed to be the dividing line between their adjacent land and petitioner's. Such fence, however, was not placed on the true dividing line but enclosed one-tenth of an acre of the petitioner's land. The amendment also alleges that the defendants, other than Rodgers, by the erection of such fence "are attempting to seize and take by unlawful means the lands of the plaintiff." The prayers of the amendment are that title to the land so enclosed by the defendants, other than Rodgers, be adjudged and decreed in petitioner, and that a writ of possession issue. The defendants renewed all of their demurrers to the petition, as amended, and objected to the allowance of the amendment on the ground that it sought to set up and allege a different, and therefore a new and distinct cause of action from the one originally declared. The objection to the allowance of the amendment was sustained, and the petition was dismissed for want of jurisdic-

tion as to all of the defendants, other than Rodgers. The order of dismissal recites, "No other grounds of demurrers have as yet been heard, and no other grounds are now passed upon." The plaintiff excepted. *Held*:

1. The original petition alleges that the defendants, other than Rodgers, during 1956 wilfully cut and removed 35,000 board feet of timber from petitioner's land and under circumstances which would, under the provisions of *Code* §§ 105-2013 and 105-2002, entitle him to recover from them the manufactured value of such timber and punitive damages. For such trespass the petitioner's remedy was a civil action against the wrongdoers to recover the damages allegedly sustained by him, but under Art. 6, Sec. 14, Par. 6 of the Constitution of this State (*Code* § 2-4906) he was required to bring his action for such damages in the county of their residence and not in the county where the trespass allegedly occurred. For cases so holding, see *Osmond v. Flournoy*, 34 Ga. 509; and *Brindle v. Goswick*, 162 Ga. 432 (2) (134 SE 83).

2. The Constitution of this State declares that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." *Code* § 2-4903. In this case the plaintiff sought an injunction against all of the defendants, other than Rodgers, to prevent them from cutting timber from lands he allegedly purchased from Rodgers. Since this relief was sought only against the defendants who reside in DeKalb County, it is well settled that the Superior Court of Gwinnett County had no jurisdiction to grant the equitable relief thus prayed for; and a different ruling is not required because the plaintiff also sought the equitable relief of reformation against Rodgers, the only resident defendant. "A separate and distinct equitable cause of action against the resident defendant will not give the superior court of the county of his residence jurisdiction of a nonresident defendant against whom the plaintiff has another, independent, separate and distinct equitable cause of action." *Sayer v. Bennett*, 159 Ga. 369 (3) (125 SE 855); *Mackall v. West*, 67 Ga. 278, 281; and *Fowler v. Southern Airlines Inc.*, 192 Ga. 845 (3) (16 SE2d 897).

3. While parties to litigation have a right to amend their pleadings in all respects, either as to form or substance at any stage of the cause, provided there is enough in the pleadings

to amend by (*Code* § 81-1301), yet, § 81-1303 of the Code emphatically declares that, "No amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless expressly provided for by law." As to the demurring defendants, the allegations and prayers of the proffered amendment unquestionably seek to set up or add to the original petition a new and distinct cause of action which, according to the allegations of the petition, arose more than three years after the one declared on in the petition. Such being the allegations of the proposed amendment, it cannot be held that the trial judge erred in refusing to allow it. For cases so holding, see *Cooper v. Oglethorpe Savings &c. Co.*, 147 Ga. 570 (4) (94 SE 1006); *Jenkins v. Lane*, 154 Ga. 454 (1d) (115 SE 126); and *Magid v. Byrd*, 164 Ga. 609, 623 (139 SE 61).

4. From the rulings made above, it necessarily follows that the Superior Court of Gwinnett County did not have jurisdiction of the demurring defendants—all being residents of DeKalb County; this being the case, the petition as to them was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 14, 1962—DECIDED MAY 28, 1962.

*McFarland & Cooper*, for plaintiff in error.
*Carl T. Hudgins*, contra.