## 30410. MOSS et al. v. BISHOP.

NICHOLS, Chief Justice.

In 1973 C. David Bishop, Jr. filed suit against Claude Wayne Moss and Helen Corbett Moss to recover (Count 1) an undivided one-half interest in described real estate based upon an oral agreement between the parties and (Count 2) damages representing the total of the payments made by plaintiffs to defendants toward the down payment, etc. on such property. While no defensive pleadings were filed in such case, by consent of the parties and their counsel, expressly naming defendant's counsel, the temporary order restraining the defendants from disposing, etc. of such real property was continued.

Without notice to defendant's counsel, the case was placed on the jury calendar and a verdict taken which granted the relief sought in Count 1 of the plaintiffs' complaint. Thereafter, a motion for new trial was filed by the defendants which, as amended, sought to set aside such verdict and obtain a new trial because no notice that the case had been placed on the trial calendar was given to the defendants or their counsel as required by the local court rules, and such verdict was contrary to prior sworn testimony given in the case by the plaintiff. The motion for new trial was overruled and an appeal filed to the Georgia Court of Appeals. After the case was docketed in the Court of Appeals, an order of that court was entered permitting such appeal to be withdrawn on motion of the appellant. Thereafter, the present action was filed.

The complaint in this case seeks to have the verdict and judgment in the prior litigation set aside and vacated and in support of such complaint, alleges the factual background set forth above as well as other facts which will be dealt with as necessary in the opinion. The trial court, after hearing at which documentary evidence was introduced, sustained a motion to dismiss the complaint and the plea of res judicata of C. David Bishop, Jr. The appeal is from this judgment.

1. Section 60 (c) of the Civil Practice Act (Ga. L. 1966, pp. 609, 662 as amended; Code Ann. § 81A-160 (c)) provides that a motion for new trial must be predicated upon some extrinsic defect which does not appear upon

the face of the record or pleadings. Paragraph (d) of this same section provides that a motion to set aside must be predicated upon some nonamendable defect which does appear on the face of the record or pleadings. (This section has since been amended so as to provide for a motion to set aside upon the ground of lack of jurisdiction over the person or subject matter). Subparagraph (e) of such section provides that a complaint in equity may be brought to set aside a judgment for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant.

A motion to set aside would not lie in this case inasmuch as the complaint as originally filed or as amended did not contain any nonamendable defect, nor would a motion for new trial which would have had the effect of granting a new trial on the complaint as amended (without any opportunity to object to such amendment) would not give the plaintiffs in this action complete relief, nor could such question have been raised in the appeal to the Court of Appeals, which was later withdrawn by the plaintiffs here since they were denied an opportunity to first object in the trial court. The plea of res judicata was improperly sustained.

2. Section 5 of the Civil Practice Act, supra (Code Ann. § 81A-105 (a)) provides: "Except as otherwise provided in this Title every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties: Provided, however, the failure of a party to file pleadings in an action shall be deemed to be a waiver by him of all notices, including notices of time and place of trial, and all service in the action, except service of pleadings asserting new or additional claims for relief, which shall be served as provided by subsection (b) hereof."

No defensive pleadings were filed in the original case by the defendants in that action (the plaintiffs here). A consent judgment extending a temporary restraining order was entered in such case and upon which the

approval of the defendant's counsel was shown. Is this appearance sufficient to require notice, as required by the above Code section, of amendments, etc. in the litigation?

This appearance was made less than 30 days after the complaint was served. Under the decision in *Shearer v. LeMay,* 184 Ga. 86 (190 SE 643) (1937) such an appearance would have been sufficient to require a holding that the defendant had waived jurisdiction of the person had they been nonresidents. In *Jones v. Roberts Marble Co.,* 90 Ga. App. 830 (84 SE2d 469) (1954) it was held in defining when "appearance" waives other rights, such as service: "In its common and particular use the word 'appearance' signifies 'an *overt* act by which a person against whom suit has been commenced submits himself to the jurisdiction of the court.' (Italics ours). 6 CJS 4, § 1. See also 3 AmJur 782, § 2; Mahan v. Baile, 358 Mo. 625 (216 SW2d 92); Chaplin v. Superior Court, 81 Cal. App. 367 (253 P 954); Kaufman v. Samuelson, 134 N. J. L. 573, 577 (49 A2d 479); Stephens v. Ringling, 102 S. C. 333 (86 SE 683); Dauphin v. Landrigan, 187 Wis. 633 (205 NW 557); Brumleve v. Cronan, 176 Ky. 818 (197 SW 498)."

Accordingly, the appearance of the plaintiff in this case by his counsel consenting to an extension of the temporary restraining order without any plea to the jurisdiction, etc. would have been deemed a waiver of any such defect, and it cannot be said that there was no "appearance" by the plaintiff in this case.

Normally, an appearance is made by the filing of defensive "pleadings," and the language contained in Section 5 of the Civil Practice Act, supra, is based on such "normal" procedure. In *Lombard v. Trustees &c.,* 73 Ga. 322 (a) (1885), it was held: "If a statute be susceptible of two constructions, one consistent with natural equity and justice and the other not, the court should give the former constructions to it." In *Sale v. Leachman,* 218 Ga. 834 (1) (131 SE2d 185) (1963) it was held: "All statutes should be given logical meaning and effect, unless a contrary legislative intent plainly and unequivocally appears from the statute or facts connected with its enactment as shown by the journals of the house in which it originated.

*Lombard v. Trustees,* 73 Ga. 322, 323 (a); *Odum v. Macon &c. R. Co.,* 118 Ga. 792, 794 (45 SE 619); *Georgia R. & Bkg. Co. v. Wright,* 124 Ga. 596, 626 (53 SE 251). Here, there is nothing compelling to require a different interpretation of the act . . . than that which will be reasonable and in keeping with the established principles relative to the construction of statutes. This court held in *Blalock v. State,* 166 Ga. 465, 470 (143 SE 426): 'In the interpretation of a statute the courts must look diligently for the intention of the General Assembly. Penal Code § 1 [Code § 102-102(9)]. This is the cardinal rule in the construction of statutes, and the intention when ascertained must be carried into effect. *Erwin v. Moore,* 15 Ga. 361. The construction must square with common sense and sound reasoning.' "

In *Newell Road Builders, Inc. v. Ramirez,* 126 Ga. App. 850, 852 (192 SE2d 184) (1972), the Court of Appeals held, in construing this same section of the Civil Practice Act, that "having chosen to ignore the requirement to file a timely responsive pleading, it was incumbent upon the defendant to take positive steps to notify the trial court that it wanted to exercise its right to participate in the trial on the question of damages." It then held that this could be done by a timely request of the trial court to place the case on the trial calendar under § 40 (c) (2) of the Civil Practice Act (Code Ann. § 81A-140 (c) (2)).

In that case the defendant took no action to apprise the court that it was in any way interested in appearing to participate in the trial on the question of damages. In the original action filed against the defendants (the plaintiffs here) an appearance was made by counsel for the defendants which appearance showed a counsel of record. To construe such act so as to preclude notice to a defendant or his counsel where an appearance has been made, whether by pleading to the merits or otherwise, would not square with common sense and sound reasoning. Accordingly, the failure of the plaintiffs in that action to notify counsel for the defendants that they had requested that the case be placed on the trial calendar (Code Ann. § 81A-140 (c)), the placing of the case on the trial calendar without notice to the defendants, and the filing of an amendment to one count of the complaint without service

upon the counsel of record for the defendants requires that the judgment of the trial court dismissing this complaint for failure to state a claim be reversed.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED OCTOBER 14, 1975 — DECIDED NOVEMBER 24, 1975.

*W. Fred Orr, II,* for appellants.
*Robert D. Clark, Paul A. Martin,* for appellee.