36750. SHAHEEN v. DUNAWAY DRUG STORES, INC. et al.

MARSHALL, Justice.

In this case, Dunaway Drug Stores, Inc., filed a complaint in the Bartow Superior Court against Del Taco Corporation, Dunn International of Georgia, Inc., the City of Cartersville, and Shoukey A. Shaheen.

The plaintiff Dunaway operates a drug store in the Cartersville Plaza Shopping Center. The lessor of this shopping center is defendant Shoukey Shaheen. Dunaway alleges that defendant Shaheen has entered into a lease with defendant Del Taco under which Del Taco will construct a restaurant facility on the shopping center parking lot, and Del Taco has contracted with defendant Dunn for Dunn to construct the restaurant. Dunaway further alleges that defendant City of Cartersville has issued a building permit for construction of this restaurant. Dunaway argues that the construction of the restaurant is in violation of Dunaway's lease with Shaheen, as well as zoning ordinances of the City of Cartersville, both of which require a certain minimum square footage of parking space

for each square foot of building space in the shopping center.

In the complaint, Dunaway also seeks $7,680 in damages from Shaheen for his failure to repair an air conditioning unit on Dunaway's premises. In addition, Dunaway alleges that Shaheen has allowed Dunaway's roof to deteriorate to the point that it leaks water, and Dunaway requests that Shaheen be required to specifically perform its obligation under the lease to repair the roof. It is stated in the complaint that Shaheen is a resident of Fulton County. See Code Ann. § 81A-108 (a).

The complaint was filed on April 11, 1979. On the day the complaint was filed, a hearing for a temporary restraining order was held.[1] Shaheen entered an appearance at this hearing, both personally and through counsel. No plea to the jurisdiction of the court was raised by Shaheen at the t.r.o. hearing. However, on May 2, Shaheen filed a motion to dismiss the complaint as to him because of improper venue. This motion was reasserted in Shaheen's answer, which was filed on May 11. The motion to dismiss was overruled by the trial court on the ground that Shaheen had waived the defense of lack of jurisdiction of the person by entering a general appearance at the t.r.o. hearing, and on the ground that venue in Bartow County is proper because substantial equitable relief common to all defendants is being sought. After conducting an interlocutory hearing on May 2, the court entered an interlocutory injunction enjoining the defendants from constructing the restaurant on the ground that it would violate the minimum-parking-space requirements in the shopping center leases and in the city's zoning ordinances. Shaheen appeals.

Art. VI, Sec. XIV, Par. VI of the Georgia Constitution (Code Ann. § 2-4306) provides that all civil cases, other than those specifically excepted, shall be tried in the county where the defendant resides. See *Clark v. Hilliard,* 19 Ga. App. 514 (1) (91 SE 926) (1917). Under Art. VI, Sec. XIV, Par. III of the Georgia Constitution (Code Ann. § 2-4303): "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." See also Code Ann. § 3-202.

The evidence supports the trial court's ruling that construction of the Del Taco restaurant on the parking lot of the shopping center is in violation of Dunaway's lease and the municipal zoning ordinances. Therefore, we hold that as to the count of the complaint seeking to

---

[1] There is no transcript of the April 11th hearing, and it cannot be determined from the present record whether Shaheen was served with a copy of the complaint before or after that hearing. Shaheen asserts that he was not served until after the hearing.

enjoin the defendants from issuing a building permit and constructing the restaurant, venue in Bartow County is proper under Code Ann. § 2-4303 in that at the very least one of the defendants, the City of Cartersville, is a "resident" of Bartow County.[2]

*Carlson v. Hall County Planning Comm.,* 233 Ga. 286 (210 SE2d 815) (1974), cited by Shaheen, is distinguishable. In *Carlson,* suit was brought to enjoin the expansion of a trailer park. The county planning commission was named as a party defendant, and it was requested that the planning commission be enjoined from issuing a building permit. Issuance of a building permit for expansion of the trailer park apparently would not have violated any county ordinance. Therefore, it was held in *Carlson* that no substantial relief was being sought against the county planning commission. In this case, however, substantial relief is sought against the City of Cartersville in that issuance of a building permit for construction of the restaurant would be violative of municipal zoning ordinances.[3]

However, it has been repeatedly held that, " '[a] separate and distinct equitable cause of action against the resident defendant will not give the superior court of the county of his residence jurisdiction of a nonresident against whom the plaintiff has another, independent, separate and distinct equitable cause of action.' " *Jones v. Hudgins,* 218 Ga. 43, 45 (2) (126 SE2d 414) (1962) and cits. This is especially true where the plaintiff has an adequate remedy at law on his cause of action against the nonresident defendant. See *Mackall v. West,* 67 Ga. 278 (1881).

The claim asserted against Shaheen in Count 2 of the complaint for damages for failure to repair the air conditioning unit, and the claim in Count 3 for specific performance of Shaheen's obligation under the lease to repair the plaintiff's roof, are wholly separate and distinct from the equitable relief sought jointly against all the defendants.[4] We thus conclude that as to these claims the plaintiff Dunaway cannot establish venue over Shaheen in Bartow County

---

[2] In the complaint, the plaintiff seeks to establish venue over the other two defendants, Dunn and Del Taco, by alleging that each of these defendants is a foreign corporation having an office and transacting business in Bartow County. However, Dunn did not file responsive pleadings or appear at any of the hearings. Del Taco did enter an appearance at the hearings below; however, Del Taco asserted in its answer that venue in Bartow County is improper with respect to it.

[3] It is true that, as of the date the complaint in this case was filed, the building permit issued by the city had expired. However, the trial court found that the city would re-issue the permit if it was not enjoined from doing so. That is sufficient to keep the city in the case.

[4] Dunaway urges that the Bartow Superior Court has the authority to accept

under Code Ann. § 2-4303,[5] and venue over Shaheen as to these claims is, therefore, in his county of residence under Code Ann. § 2-4306.

Under CPA § 12 (h) (1) (Code Ann. § 81A-112 (h) (1)), a defense of lack of jurisdiction over the person, as well as a defense of improper venue, is waived (A) if it is omitted from a motion which raises a defense under § 81A-112, or (B) if it is neither made by motion under § 81A-112 nor included in a responsive pleading, as originally filed. See *Whitby v. Maloy,* 145 Ga. App. 785 (2) (245 SE2d 5) (1978) and cits. Since defendant Shaheen raised the defense of improper venue in his answer, as well as by motion prior to filing his answer, we hold that under the CPA there has been no waiver of this defense.

*Moss v. Bishop,* 235 Ga. 616 (221 SE2d 38) (1975), cited by the trial court, holds that where the defendant enters an appearance at a t.r.o. hearing, but fails to file responsive pleadings, he is nonetheless entitled to notice of the time and place of trial under Code Ann. § 81A-105 (a). Dicta in *Moss v. Bishop* to the effect that the defendant waives the defense of lack of jurisdiction of the person by entering an appearance at a t.r.o. hearing without raising a plea to the court's jurisdiction was based on a pre-CPA case, *Shearer v. LeMay,* 184 Ga. 86 (190 SE 643) (1937), and is disapproved.

The judgment granting the plaintiff's request for an interlocutory injunction is affirmed with the direction that the trial court dismiss those counts of the complaint seeking additional relief against defendant Shaheen for failure to repair the air conditioning unit and roof on Dunaway's premises.

*Judgment affirmed with direction. All the Justices concur, except Hill, J., who concurs in the judgment only.*

SUBMITTED OCTOBER 3, 1980 — DECIDED NOVEMBER 25, 1980 — REHEARING DENIED DECEMBER 16, 1980.

*Schwall & Heuett, Robert J. Kaufman, Emory A. Schwall,* for appellant.

*Awtrey & Parker, A. Sidney Parker, Toby B. Prodgers, David C.*

---

"pendent" jurisdiction over these other claims asserted against Shaheen. Under the doctrine of pendent jurisdiction, a federal district court which has acquired jurisdiction over a case because of the existence of a federal claim may, as a matter of discretion, exercise jurisdiction over a nonfederal claim if the federal and nonfederal claims arise out of the same set of facts. See 32 AmJur2d 450, Federal Practice and Procedure, § 45. This is not the situation here.

[5] Dunaway asserts no other basis for establishing venue over Shaheen in Bartow County aside from his being jointly sued with the other defendants to enjoin construction of the Del Taco restaurant.

*Archer, Hansell, Post, Brandon & Dorsey, Philip Coe, Trotter, Bondurant, Griffin, Miller & Hishon, Eric D. Ranney,* for appellees.