## A03A1546. SINGLETON v. DEPARTMENT OF HUMAN RESOURCES.

(588 SE2d 757)

ELDRIDGE, Judge.

On December 5, 2002, Joe Singleton d/b/a Singleton Construction Company filed his notice of appeal from the order of November 27, 2002, holding him in contempt for ignoring an income deduction order for an employee brought by the State of Georgia, Department of Human Resources, ex rel Ebony M. Drayton, Joe L. Drayton III, and Jasmine R. Drayton. Finding no error, we affirm.

On December 18, 1998, in Civil Action No. DR97-1998-BA, the Superior Court of Chatham County entered a child support award against Joe Drayton for support of his three minor children. On November 19, 1999, Drayton was held in contempt and jailed for non-payment. On December 8, 1999, the trial court entered an income deduction order for the first time; the order stated that previously on December 7, 1999, Drayton had purged his earlier contempt by making the previously ordered payments of arrearage and attorney fees; that Drayton had been released from jail upon paying the sums; that an income deduction order for future payments was imposed; and that it was captioned "Terms for Release of Defendant Being Held for Child Support Contempt and Income Deduction Order." At the time of the entry of the income deduction order and while in jail, Drayton was the employee of Joe Singleton d/b/a Singleton Construction Company.

On December 8, 1999, counsel for the Child Support Enforcement sent a copy of the income deduction order, as well as written notice by certified mail — return receipt requested — to Singleton Construction Company, Attn: Payroll, P. O. Box 23614, Savannah, Georgia 31402. On December 9, 1999, the return receipt was signed by Ernestine Singleton for Singleton Construction Company.

On August 13, 2002, the State of Georgia, Department of Human Resources, ex rel Ebony M. Drayton, Joe L. Drayton III, and Jasmine R. Drayton, filed a complaint for contempt sanctions for failure to remit child support against Joe Singleton d/b/a Singleton Construction for failure to withhold from Drayton's wages as ordered. On Sep-

tember 17, 2002, service was made upon counsel for Singleton for a rule nisi hearing to be held on October 16, 2002. On October 16, 2002, Singleton sought to make a special appearance without submitting to the jurisdiction of the court by filing his general answer and a motion to dismiss; neither the answer nor the motion to dismiss raised any due process or other constitutional issues. On October 16-17 and 24, a hearing was held; the motion to dismiss was denied; and Singleton was ordered to appear for trial. By order of December 2, 2002, Singleton was held in contempt, ordered jailed until he purged the contempt, and ordered to pay $8,923 to purge the contempt. On December 7, 2002, Singleton purged himself of contempt by paying the sums and was released from jail.

1. Singleton contends that the trial court erred in finding that he had sufficient notice of entry of the income deduction order under OCGA § 19-6-32. We do not agree.

(a) In Singleton's enumerations of error and brief for the first time, he seeks to raise due process constitutional issues; such issues were neither raised at trial in the pleadings nor ruled upon by the trial court. Constitutional issues must be raised at the earliest opportunity in the trial court and ruled upon to be preserved. *Lucas v. Lucas*, 273 Ga. 240, 242 (3) (539 SE2d 807) (2000); *Atlanta Independent School System v. Lane*, 266 Ga. 657, 658 (1) (469 SE2d 22) (1996). Further, unless ruled upon by the trial court, constitutional issues cannot be reviewed on appeal, because the appellate court lacks jurisdiction to consider a constitutional issue not ruled upon by the trial court. *Pimper v. State of Ga.*, 274 Ga. 624, 627 (555 SE2d 459) (2001). Thus, a constitutional issue is waived by the failure of the trial court to rule upon it. *Haynes v. Wells*, 273 Ga. 106, 108 (3) (538 SE2d 430) (2000).

(b) Although the income deduction order is titled "Terms for Release of Defendant Being Held for Child Support Contempt and Income Deduction Order," the order constituted only an income deduction order by its clear and plain language. In the preamble to the income deduction order, the trial court recites what had occurred for the imposition of the income deduction order: that on November 19, 1999, the contempt hearing had been held; that Drayton had been found in contempt for failing to pay child support and attorney fees of $4,427; that Drayton could purge himself of contempt by paying $1,100; that upon paying such sum, he would be released from jail; and finally, that on December 7, 1999, Drayton had purged himself of contempt by paying such sum. All of such facts had already occurred prior to the entry of the income deduction order on December 8, 1999; thus, the order did not effect such prior events but only income deduction. Thus, the statutory requirements of OCGA § 19-6-

32 of a single order dealing with income deduction only were satisfied.

2. Singleton contends that the trial court erred in finding that Ernestine Singleton was properly served as his agent and that such notice to her was insufficient notice to him. We do not agree.

In Ga. L. 1989, pp. 861-878, the General Assembly passed remedial legislation titled "Domestic Relations — Child and Spousal Support; Enforcement; Guidelines; Income Deduction Orders; Wage Assignments; Insurance" and stated in the caption of the Act its purposes:

> to revise extensively the statutes relative to the enforcement of child and spousal support obligations; to implement certain provisions of the federal Family Support Act of 1988 (Pub. Law 100-485); . . . to amend the provisions relating to the authority of the court[s] to order the immediate deduction from wages of spousal and child support obligations; to provide for income deduction orders; to provide definitions for income deduction orders.

Id. at 861. See *Sovereign Camp Woodmen of the World v. Beard*, 26 Ga. App. 130, 131 (105 SE 629) (1921) (intent of the legislature may be derived from the caption).

> This statute is part of the laws our state legislature passed in order to implement various federal amendments to Title IV-D of the Social Security Act. Those amendments require states to establish income withholding as a method of enforcing all child support orders and condition a state's receipt of Federal Aid to Families with Dependent Children (AFDC) on compliance with the federal legislation. The unmistakable congressional intent of the federal mandate to impose income deduction is the establishment of a speedy and simple method for the withholding of wages or other income to ensure child support is paid promptly and efficiently.

(Footnotes omitted.) *Ga. Dept. of Human Resources v. Word*, 265 Ga. 461, 462 (458 SE2d 110) (1995). "[T]he overall scheme of OCGA § 19-6-30 et seq. provides notice to the party required to pay support, and to that party's employer, and an opportunity for both to request a hearing to contest the enforcement of the income deduction order under certain circumstances. OCGA § 19-6-33." Id. at 462, n. 1. "The statute is one of procedure not substance, requiring simply that, where a court has determined a level of child support and ordered support, it then must issue an income deduction order. It does not

require the court to decide contested facts in any way; rather, it dictates what the consequences of a court's judgment shall be." (Footnote omitted.) Id. at 463 (1). Thus the purposes of the Act are procedural and remedial.

The clear and plain language of OCGA § 19-6-32 (e) provides: "(3) [t]hat the income deduction applies to current and subsequent payors and periods of employment"; and "(4) [t]hat a copy of the income deduction order will be served on the obligor's payor or payors." For purposes of enforcement, OCGA § 19-6-33 (a) and (b) provide how notice shall be given:

> [t]he obligee or his or her agent shall serve an income deduction order and the notice to the payor, and in the case of a delinquency a notice of delinquency, on the obligor's payor[, and] [s]ervice of the initial income deduction order by or upon any person who is a party to a proceeding under this Code section shall be by personal service, by certified mail or statutory overnight delivery, return receipt requested, or by regular mail. Service upon an obligor's payor or successor payor under this Code section shall be by regular first-class mail.

Thus, like the rest of the procedures under the Act, service was to be simple and direct.

The Act provides service upon the payor of the original income deduction order or a delinquency by first class mail. The Act did not require personal service or specify that personal receipt was necessary to perfect service. Implicit in this statutory requirement of notice by mail is that anyone can receive notice for the payor, i.e., the payor, the payor's agent, the payor's employee, or the payor's spouse, because notice is deemed perfected upon mailing. See generally *Allen v. Bd. of Tax Assessors of Paulding County*, 247 Ga. 568 (277 SE2d 660) (1981); see also OCGA § 50-21-26 (a) (2); *Norris v. Dept. of Transp.*, 268 Ga. 192, 193 (486 SE2d 826) (1997) (notice effective on mailing to Department of Transportation); OCGA §§ 33-24-45 (d); 33-24-47.1; *Ramsdell v. State Auto Mut. Ins. Co.*, 206 Ga. App. 357, 359 (4) (425 SE2d 661) (1992) (cancellation of insurance effective when mailed). Therefore, under the Act, it does not matter who received the mailed notice for Singleton.

3. Singleton contends that the trial court erred in finding that he had been served in the contempt action under the income deduction order. We do not agree.

(a) Singleton contends that he was improperly served, because notice and summons for the rule nisi were sent to his attorney, who

in a related proceeding consented to accept service in the other related action.

Singleton entered a limited appearance to preserve the issue of personal jurisdiction and service by answer and motion. *Dyer v. Surratt*, 266 Ga. 220, 222 (4) (466 SE2d 584) (1996). In a contempt action personal jurisdiction is essential, because the trial court's contempt powers must ultimately be enforced by civil contempt, i.e., having the person within the control of the trial court. See *Ashburn v. Baker*, 256 Ga. 507, 509 (2) (350 SE2d 437) (1986); *Griggers v. Bryant*, 239 Ga. 244, 246 (1) (236 SE2d 599) (1977). Service of a rule nisi order for contempt provides both notice and service to acquire personal jurisdiction for the ancillary proceeding. See *Brown v. King*, 266 Ga. 890, 891 (1) (472 SE2d 65) (1996); *Anthony v. Anthony*, 240 Ga. 155, 157 (1) (240 SE2d 45) (1977) (issuance and service of rule nisi on nonparty give notice and personal jurisdiction); *Carson v. Ennis*, 146 Ga. 726, 728 (3) (92 SE 221) (1917) (nisi order fixing time and place provides notice and opportunity to be heard).

Singleton timely raised the OCGA § 9-11-12 (b) (2) defense in abatement to personal jurisdiction and answered generally and specifically the contempt. After the trial court denied his motion to dismiss for lack of personal jurisdiction, Singleton made a general appearance at trial by his presence and took part in the hearing by presenting evidence and a defense. "After a party has properly raised such [OCGA § 9-11-12 (b)] defense, it will only be found waived if the party later engages in conduct so manifestly indicative of an intention to relinquish a known right or benefit that no other reasonable explanation of its conduct is possible." (Citation omitted.) *Heis v. Young*, 226 Ga. App. 739, 740 (3) (487 SE2d 403) (1997); accord *Wheeler's, Inc. v. Wilson*, 196 Ga. App. 622, 623 (396 SE2d 790) (1990); *Roberts v. Bienert*, 183 Ga. App. 751, 753-755 (2) (360 SE2d 25) (1987); *Ga. Power Co. v. O'Bryant*, 169 Ga. App. 491, 492 (313 SE2d 709) (1984). "[J]urisdiction of the person is waived by the making of a general appearance without specially reserving the matter in the answer or other defensive pleading[s]." (Citations and punctuation omitted.) *Gaddis v. Dyer Lumber Co.*, 168 Ga. App. 334, 335 (308 SE2d 852) (1983). An appearance at trial or hearing "signifies an *overt* act by which a person against whom suit has commenced submits himself to the jurisdiction of the court." (Citations and punctuation omitted; emphasis in original.) *Moss v. Bishop*, 235 Ga. 616, 618 (2) (221 SE2d 38) (1975), overruled on other grounds, *Shaheen v. Dunaway Drug Stores*, 246 Ga. 790, 793 (273 SE2d 158) (1980). After the trial court denied the plea in abatement, even if in error, Singleton appeared and participated in trial on the merits, submitting to the court's jurisdiction for trial on the merits and waiving his per-

sonal jurisdiction defense. See generally *Dyer v. Surratt*, supra at 222 (4).

(b) Since this was an action on an income deduction order under OCGA § 19-6-33 for enforcement against the payor, after Drayton had been found delinquent by the trial court, then Singleton could be served notice to appear by regular first class mail with a copy of the income deduction order and notice of the delinquency. Here such mailed notice and copy of the income deduction order were directed to Singleton's attorney for Singleton, who received notice and had an opportunity to contest the matter at a hearing. OCGA § 19-6-33. The Act would have been satisfied as well by first class mail to Singleton; therefore, there was no harm. Both Congress and the General Assembly sought to simplify the procedure for the enforcement of child support and eliminated the necessity of personal service on either the obligor or the obligor's payor for enforcement purposes.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 3, 2003 —
RECONSIDERATION DENIED OCTOBER 17, 2003 —

*Wiseman, Blackburn & Futrell, James B. Blackburn, Jr., Patrick F. Roughen, Jr.*, for appellant.

*Spencer Lawton, Jr., District Attorney, Michael C. Taylor, Assistant District Attorney, Thurbert E. Baker, Attorney General, William C. Joy, Senior Assistant Attorney General, Nina J. Edidin, Assistant Attorney General*, for appellee.