A08A1567. IVEY v. BICKNELL.
(668 SE2d 894)

SMITH, Presiding Judge.

Christopher Lewis (Chris) Ivey appeals, following a bench trial and the entry of judgment in favor of James M. Bicknell on Bicknell's suit on a promissory note. Finding no error, we affirm.

Bicknell, the brother-in-law of Billy Ivey and the uncle of Chris Ivey, sued Billy Ivey, Chris Ivey, and Gold Mine Mountain Develop-

---

ment Company, LLC (Gold Mine). Bicknell claimed a portion of the proceeds from a business venture involving Gold Mine and also sought recovery on a promissory note signed by Chris Ivey. Following partial grant of Billy Ivey and Chris Ivey's motion for summary judgment on the other claims by order of April 17, 2007,[1] the only issue remaining was Bicknell's claim on the promissory note against Chris Ivey. A bench trial was held on this claim and the trial court entered judgment on May 16, 2007, in favor of Bicknell.

1. Ivey's first enumeration of error is that the trial court erred in denying his motion to dismiss because the record contained no evidence which would permit a Georgia court to exercise personal jurisdiction over him.

The trial court entered its order denying Ivey's motion to dismiss on April 18, 2006, a year prior to its grant of partial summary judgment to Chris and Billy Ivey on April 17, 2007. The trial court's order denying Chris Ivey's motion to dismiss was an interlocutory order which was not appealable without a certificate of immediate review. OCGA § 5-6-34 (b); *Davis v. Davis*, 242 Ga. 322 (249 SE2d 90) (1978). Instead of seeking an interlocutory appeal, however, Ivey elected to appear and participate in the bench trial.

> An appearance at trial or hearing "signifies an *overt* act by which a person against whom suit has commenced submits himself to the jurisdiction of the court." (Citations and punctuation omitted; emphasis in original.) *Moss v. Bishop*, 235 Ga. 616, 618 (2) (221 SE2d 38) (1975), overruled on other grounds, *Shaheen v. Dunaway Drug Stores*, 246 Ga. 790, 793 (273 SE2d 158) (1980). After the trial court denied the plea in abatement, even if in error, [the defendant] appeared and participated in trial on the merits, submitting to the court's jurisdiction for trial on the merits and waiving his personal jurisdiction defense. See generally *Dyer v. Surratt*, [266 Ga. 220,] 222 (4) [(466 SE2d 584) (1996)].

*Singleton v. Dept. of Human Resources*, 263 Ga. App. 653, 657-658 (3) (a) (588 SE2d 757) (2003).

Having failed to avail himself of an interlocutory appeal and having submitted himself to the Georgia court for the purpose of obtaining a partial summary judgment against Bicknell, Ivey has waived his personal jurisdiction defense. See *Singleton*, supra.

2. Ivey's second and third enumerations of error allege errors in

---

[1] This partial grant of summary judgment was appealed in Case No. A08A1568, which has been remanded to the trial court for a ruling on Chris Ivey and Billy Ivey's pending motion to dismiss pursuant to OCGA § 5-6-48 (c).

the trial court's findings made following the bench trial. No transcript of the bench trial was prepared, and there is no certification by the trial court of a proposed transcript from recollection. Ivey's brief contains numerous assertions regarding what transpired at trial, but the only citations are to the numerous depositions in the record taken prior to the bench trial. "Accordingly, in the absence of either a transcript or an agreed statement of the events at trial, see OCGA § 5-6-41 (f), we must presume the trial judge ruled correctly on all issues presented and that the evidence was sufficient to support the judgment. [Cits.]" *Hamm v. Willis*, 201 Ga. App. 723 (1) (411 SE2d 771) (1991). See also *Hixson v. Hickson*, 236 Ga. App. 894, 895 (1) (512 SE2d 648) (1999).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 29, 2008.

*Cohen, Pollock, Merlin & Small, Kevin T. O'Sullivan*, for appellant.

*Burkett & Schneider, Gene Burkett*, for appellee.