18697

Elizabeth T. SEUBERT, Respondent, v. O. Paul BUCHANAN, Appellant

(156 S. E. (2d) 633)

*Messrs. Bailey & Buckley,* of Charleston, *for Appellant,*

*John Graham Altman, Esq.,* of Charleston, *for Respondent,*

*Messrs. Bailey & Buckley,* of Charleston, *for Appellant, in Reply.*

August 29, 1967.

BRAILSFORD, Justice.

The plaintiff commenced an action in tort against the defendant on January 1, 1960, based upon a cause of action which had accrued on September 1, 1959. This action was stricken from the docket in October, 1962, pursuant to Rule 82 of the Circuit Court Rules. On September 2, 1965, a motion to restore the case was made by substituted counsel

and was refused. On September 3, 1965, plaintiff's counsel left a copy of a summons and of a complaint, based upon the original cause of action, at the defendant's medical office by shoving these papers under the entrance door. The defendant was on vacation at the time, and the office was closed. When the defendant returned to his office on September 7, 1965, he found these papers on his desk, where his receptionist had placed them upon retrieving them from the floor. The defendant made a special appearance objecting to the court's jurisdiction of his person, upon the ground that there had been no lawful service of process on him. This motion was denied, and the defendant has appealed.

It is conceded in the statement of the case that "no attempt was made to serve [the defendant] or anyone in his behalf, either at his office or at his residence." This is conclusive that the motion to dismiss for lack of jurisdiction of the defendant's person should have been granted.

At common law, unless the defendant voluntarily submitted to the jurisdiction of the court, personal service within the state was the only means of obtaining jurisdiction in an action *in personam*. See *Brays Island Plantation, Inc., v. Harper*, 245 S. C. 399, 140 S. E. (2d) 781, and authorities therein cited. Substituted service must conform to the statute which authorizes it. Section 10-438, Code of 1962, which controls in this situation, provides that "the summons shall be served by delivering a copy thereof to the defendant personally or to any person of discretion residing at the residence or employed at the place of business of the defendant." The statute is not susceptible of the construction, which we are urged to adopt, that its requirements do not apply if the summons comes into the possession of the defendant by other means.

The insertion of the summons under the entrance door of defendant's office was not equivalent to the statutory requirement of delivery to a person of discretion there employed. Lawful service of process was not accomplished, and the defendant was not subjected to the

jurisdiction of the court in this action for damages. His motion on special appearance contesting jurisdiction should have been granted. Neither *Raines v. Poston,* 208 S. C. 349, 38 S. E. (2d) 145, nor *Dill-Ball Co. v. Bailey,* 103 S. C. 233, 87 S. E. 1010, which are relied upon by plaintiff, is in point. The former involved jurisdiction of the *res* acquired by attachment. The latter involved facts, not here appearing, which the court regarded as equivalent to personal service of process.

Reversed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.