66562. GADDIS v. DYER LUMBER COMPANY, INC.

SHULMAN, Chief Judge.

This appeal arises from the grant of appellee's motion for summary judgment and the subsequent $3,047.91 personal judgment awarded to appellee. Appellant argues, in relevant part, that the trial court erred in granting appellee's motion for summary judgment since appellant, a nonresident, was never personally served with process.

On September 3, 1982, appellee filed a complaint against appellant on open account for materials allegedly provided by appellee for the improvement of appellant's land located in Dade County, Georgia. Appellant, a former Georgia resident, was at that time a resident of the State of Texas. Appellee attached to its complaint a motion and an affidavit for service by publication. An

order for service by publication was issued by the Clerk of the Superior Court of Dade County on September 3, 1982. Appellant appeared specially and filed his answer, which included the assertion that he had not been properly served with the complaint and a plea for dismissal of the case on that ground. Appellee moved for summary judgment and, after a hearing, the motion was granted by the trial court.

Appellee contends that by appearing at the summary judgment hearing, appellant made a *general* appearance before the court, thereby waiving his right to claim the trial court's lack of personal jurisdiction over him as a defense. "[J]urisdiction of the person is waived by the making of a general appearance without specially reserving the matter in the answer or other defensive pleading. [OCGA § 9-11-12 (h) (Code Ann. § 81A-112)]; [Cits.]" *Gooch v. Appalachian Lumber Co.,* 123 Ga. App. 804, 805 (182 SE2d 487). In the instant case, appellant satisfied the above Code section by raising this issue in his answer. Therefore, his appearance before the trial court subsequent to the filing of his pleading in which he contested the sufficiency of process did not amount to a waiver of that defense.

We must now, therefore, ascertain the validity of the service of process upon appellant. In appellee's affidavit for service by publication, it is stated that appellant "presently resides in the State of Texas and his *present* address is 3867 Hinkel Street, Odessa, Texas, 76762 . . ." (Emphasis supplied.) "In order to justify service by publication where the address of the defendant is known, or believed to be known, generally it must be shown that service was attempted unsuccessfully at the defendant's last known address and that personal service was proven impossible. [OCGA § 9-10-91 (Code Ann. § 24-113.1).]" *Girard v. Weiss,* 160 Ga. App. 295, 298 (287 SE2d 301). See generally *Melton v. Johnson,* 242 Ga. 400 (249 SE2d 82). In its affidavit, appellee demonstrates a knowledge of appellant's exact whereabouts; however, there is no evidence in the record that suggests that any attempt of personal service was made or that such attempt was impossible. Appellee, therefore, has clearly failed to fulfill "the constitutional requirement of exercising reasonable diligence in attempting to locate and personally serve [appellant] *prior* to moving for constructive service." *Abba Gana v. Abba Gana,* 251 Ga. 340 (304 SE2d 909). Inasmuch as there has been no valid service or any waiver of such service, the trial court has no jurisdiction over appellant's person, and its judgment is hereby declared a nullity. OCGA § 9-12-16 (Code Ann. § 110-709).

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 6, 1983.

*William Ralph Hill, Jr.,* for appellant.
*Virginia B. Harmon, Donald F. Oliver,* for appellee.