## 73216. SANDERS v. JOHNSON.
### (351 SE2d 216)

DEEN, Presiding Judge.

The appellee, Robert Johnson, commenced this action against the

---

[2] In those days they certified the question; nowadays we are bound to transfer the whole case.

appellant, Ronnie Sanders, on August 19, 1985, seeking damages for injuries sustained in an automobile collision. A default judgment was entered against Sanders, and this interlocutory appeal followed from the denial of his "motion to quash and traverse purported service and motion to set aside default judgment."

On August 21, 1985, a lieutenant with the Fayette County Sheriff's Office attempted to serve Sanders at his residence. Sanders was not at home, but his father happened to be at the residence and agreed to give the summons to Sanders that evening. It is uncontroverted now that Sanders' father was not a resident, although the lieutenant did not realize such at the time of the purported service. Sanders acknowledges actual receipt of the summons from his father; moreover, it appears that Sanders promptly forwarded the summons to his insurer, who on September 4, 1985, requested a thirty-day extension within which to answer the complaint. Johnson's attorney agreed to the request, but, no answer still having been filed more than a month past the extended deadline, Johnson was granted a default judgment on the issue of liability. On appeal, Sanders contends that the default judgment was void because personal service was never perfected. *Held*:

1. In *Brim v. Pruitt*, 178 Ga. App. 321, 325 (342 SE2d 690) (1986), this court held that "[w]here actual notice undisputedly results from service on a person at defendant's residence, to say that it is sufficient for the purposes of subsection (7) [OCGA § 9-11-4 (d) (7)] is in keeping with the intent of the legislature and the law . . . If the plaintiff can prove, or the record unquestionably shows, as here, that although the person who accepted the papers was not 'then residing therein' but actually gave the papers to defendant, due process would be served more nearly perfectly." *Brim v. Pruitt* obviously controls the instant case, and the trial court properly declined to quash the service or set aside the default judgment.

2. The appellee's motion to dismiss this appeal or alternatively to hold the appellant in contempt for failure to file timely a brief and enumeration of errors is denied.

*Judgment affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley, Pope, and Beasley, JJ., concur. Sognier and Benham, JJ., dissent.*

BENHAM, Judge, dissenting.

The majority opinion here has caused me to clearly see the error of my ways in concurring in the judgment in *Brim v. Pruitt*, 178 Ga. App. 321 (342 SE2d 690) (1986). Even though *Brim* serves only as a physical precedent rather than a binding precedent under Rule 35 (b) of the Rules of the Court of Appeals since there was a general concurrence by less than a majority of the judges, I still see a crying need to

specifically overrule it.

As pointed out by the majority, *Brim* unquestionably controls this case since it also involves an issue of substantial compliance with the service of process requirements. However, in a matter as important as service of process, we need hard and fast rules such as are provided in the statute and not a nebulous principle such as "substantial compliance" that can change as often as the weather, as is provided for in *Brim*.

The *Brim* decision talks about the law not being blind to the legislative intent. While legislative intent is our touchstone, we must first begin with the statute in question itself. "[W]here the language used by the legislature is plain and unambiguous, judicial construction is unnecessary. [Cits.]" *Tabb v. State*, 250 Ga. 317, 318 (297 SE2d 227) (1982). Indeed, " 'where the language of an Act is plain and unequivocal, judicial construction is not only unnecessary but is forbidden. [Cit.]' " *Williamson v. Lucas*, 171 Ga. App. 695 (4) (320 SE2d 800) (1984). What could be clearer than the following statement: Service of process may be had upon an individual by serving "the defendant personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion *then residing therein. . . .*" OCGA § 9-11-4 (d) (7). (Emphasis supplied.)

I also see no need as was done in *Brim* to go back to the Justinian Code or to the purposes of the Civil Practice Act of 1965. We need only look to the statute itself, defer to the legislative wisdom contained therein, and apply the law to the facts. Such was the approach taken prior to *Brim* and by the dissent in *Brim*, the wisdom of which I now incorporate by reference.

The position taken here would have no effect on *Trammel v. Nat. Bank of Ga.*, 159 Ga. App. 850 (285 SE2d 590) (1981), since *Trammel* simply sought to determine when a person would be of reasonable age and discretion to accept service. What I seek to do here is to put asunder the erroneous interpretation given in *Brim* to the clear language contained in a statute.

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED OCTOBER 30, 1986 —
REHEARING DENIED NOVEMBER 24, 1986 —

*Michael J. Goldman*, for appellant.
*James D. Meadows, Jerry B. Blackstock*, for appellee.