## 74512. ROBERTS et al. v. BIENERT et al.
(360 SE2d 25)

DEEN, Presiding Judge.

Appellant Edward Roberts sought treatment from appellees Bienert and Hughes for back problems. He alleges that when his condition did not improve in response to conservative treatment, he consented to undergo surgery. He further alleges that the surgery caused his condition to worsen, with the result that he is no longer able to work.

1. On November 13, 1985, Roberts brought an action for medical malpractice and fraud against Dr. Bienert and Dr. Hughes. Mrs. Roberts joined in the complaint, seeking damages for loss of consortium. The marshal attempted to serve both defendants at the East Point (Fulton County) office where Roberts had consulted them. Dr. Hughes accepted service for himself and, after informing the marshal that Bienert had opened another office, accepted service for Dr. Bienert, also. The record shows that Hughes passed along the papers to Bienert but does not indicate on what date.

Both Hughes and Bienert answered on December 18, 1985. Bienert's answer raised the defenses, *inter alia*, of no service, insufficient service, and improper venue; the answer also denied, paragraph by paragraph, the substantive allegations of the complaint. On August 11, 1986, both Bienert and Hughes moved for summary judgment on the substantive grounds alleged in the complaint. On August 18 appellants filed an amended complaint alleging that Bienert was a resident of Fayette County and could be served at his place of business (stated as Dr. Hughes' office address in East Point) or by second original at his Fayette County residence. On September 10, 1986, personal service by second original was made upon Bienert at his Fayette County address. On October 7 Bienert filed an amended answer in which he admitted the allegation of jurisdiction in the amended complaint and raised the additional defense of laches. On October 16, the date of the hearing on the motion for summary judgment, Bienert sought to withdraw two of the three issues addressed in his motion for summary judgment; the court denied this motion.

On December 8, 1986, the trial court entered an order granting summary judgment and dismissing Bienert from the action. The court held expressly that appellants' reliance on the marshal's return of service was unjustified and that, even if, *arguendo*, it were justified, the presumption of service had been rebutted; the court further held that plaintiffs/appellants had not made the requisite showing of due diligence in attempting to effect timely service. On appeal Mr. and Mrs. Roberts enumerate the following errors: the court erred in dismissing the claim for damages on the malpractice count, the court erred in dismissing the claim for fraud, and the court erred in dismissing Mrs.

Roberts' claim for loss of consortium. We granted an interlocutory appeal for the purpose of determining whether the case *sub judice* is controlled by *Brim v. Pruitt*, 178 Ga. App. 321 (342 SE2d 690) (1986), wherein it was held that service upon an apparent agent, coupled with due diligence and actual knowledge of the suit on the part of the defendant, is sufficient to constitute substantial compliance with OCGA § 9-11-4 (d) (7); and to address appellants' remaining enumerations of error. *Held*:

In *Brim v. Pruitt*, supra, this court held that service upon a visitor in the defendant's home, who promptly turned over the papers to the defendant upon arrival a short while later, constituted such substantial compliance with OCGA § 9-11-4 (d) (7) as to satisfy the notice requirements embraced in that Code section. We emphasized in *Brim* the extreme diligence shown by the plaintiff in attempting to trace the defendant's whereabouts through a series of changes of residence, both in and out of the state.

In the instant case appellants have demonstrated no such diligence and therefore are not entitled *per se* to the benefit of the liberal construction of the statute advocated and implemented in *Brim*. We recognize several significant factual distinctions between that case and the one at bar: most notably, that in the instant case service was attempted at defendant Bienert's last known place of business, where he had had his practice for a number of years; that service was made upon Bienert's former long-time partner and apparent agent; and that, according to the record, the latter apparently made no attempt to inform the marshal either as to his own status as agent *vel non* or as to Bienert's new place of business. Because of these factual situations, it may well be that appellants were initially justified in relying on the marshal's return of service. Appellants' receipt of defendant Bienert's responsive pleading, however, should have put them on notice and inspired them, through counsel, to exercise the greatest possible diligence to ensure proper and timely service. There is ample authority to support the principle that service of process on an apparent agent is insufficient to meet the requirements of the governing Code section, supra; see, e.g., *News-Press Pub. Co. v. Kalle*, 173 Ga. App. 411 (326 SE2d 582) (1985); *Thaxton v. Ga. Insurer's Insolvency Pool*, 158 Ga. App. 407 (280 SE2d 421) (1981). It is well settled, moreover, that it is the plaintiff who has the burden of proving diligence in attempting to make proper service as quickly as possible. *Jarmon v. Murphy*, 164 Ga. App. 763 (298 SE2d 510) (1982).

In view of the facts that Bienert's new office was located only a relatively short distance from his former place of business (in College Park, a Fulton County city adjacent to East Point) and that his new business address (as well as his residence address) could have been easily obtained by a number of means — including the simple expedi-

ent of consulting the Atlanta metropolitan area telephone directory or calling Directory Assistance — we must agree with appellee Bienert that nearly 300 days after the filing of the complaint is an unreasonably long time to effect proper service. We hold, therefore, that the case at bar does not come within the ambit of *Brim v. Pruitt*, supra, or of *Sanders v. Johnson*, 181 Ga. App. 39 (351 SE2d 216) (1986), which followed *Brim*. See *Trammel v. Nat. Bank*, 159 Ga. App. 850 (285 SE2d 590) (1981); *Williams v. Mells*, 138 Ga. App. 60 (225 SE2d 501) (1976); see also the dissenting opinion in *Sanders v. Johnson*, supra. We note *obiter* that the fact that *Brim* and *Sanders*, supra, involved service at the defendant's dwelling rather than at his place of business, as in the instant case, is not a factor in our finding *Brim* and *Sanders* inapposite here.

2. The record shows that on August 11, 1986, appellee Bienert filed a motion for summary judgment addressed not to the process issue but to the substantive issues set forth in appellants' complaint. When a defendant files a motion for summary judgment on the merits of the case without having raised an issue as to sufficiency of service of process, he has made a general appearance and thereby waived any alleged defect in the service. *Bigley v. Lawrence*, 149 Ga. App. 249, 250 (253 SE2d 870) (1979). In his answer appellee had raised not only the defenses pertaining to lack of proper service but also those addressed to the substantive allegations of the complaint.

The general rule is that if there is a defect in service of process, "any act by which one consents to the jurisdiction of the court constitutes a waiver. [Cits.]" *Georgia Power Co. v. O'Bryant*, 169 Ga. App. 491, 492 (313 SE2d 709) (1984). Thus the Supreme Court has held that "[b]y pleading to the merits of the case *and not raising any defense* of lack of jurisdiction of the person (defective process) or improper venue, the appellee waived any objection he may have had under the CPA." (Emphasis supplied.) *Kiplinger v. Oliver*, 244 Ga. 527, 528 (260 SE2d 904) (1979). This decision is but one of a long line of cases reiterating this concept. In *Stallings v. Stallings*, 127 Ga. 464 (6) (56 SE 469) (1906), it was held that "[t]he rule that appearance and pleading waives irregularities in the process or its absence, and the service thereof, and the other rule which declares that if a defendant appear and plead to the merits, without pleading to the jurisdiction and without excepting thereto, he admits the jurisdiction of the court, have no application so as to effect a waiver where the defendant excepted to the service, moved to dismiss the case for want of service, and pleaded to the jurisdiction at the time of filing his defense." *Stallings* only followed an older line of precedent. "Appearance and pleading in writing to the merits will waive service, but not if want of service be likewise pleaded at the same time. Matters in abatement and in bar may be mixed in the same answer, and one

defense will not defeat another." *Western &c. R. Co. v. Pitts*, 79 Ga. 532 (3) (4 SE 921) (1887). "Pleading to the merits does not admit the jurisdiction, if at the same time exception be taken thereto." *Cox v. Potts*, 67 Ga. 521 (2) (1881). "The filing of a plea to the merits where a plea to the jurisdiction had previously been filed does not waive the jurisdiction even though the plea to the merits is not expressly made subject to the plea to the jurisdiction." *Milam v. Terrell*, 214 Ga. 199 (1) (104 SE2d 219) (1958); accord *Weems v. Weems*, 225 Ga. 154, 155-156 (166 SE2d 352) (1969); *Barker v. Wilkinson*, 222 Ga. 329 (1) (149 SE2d 698) (1966).

The Supreme Court continues to follow this line of cases. Thus, in *Shaheen v. Dunaway Drug Stores*, 246 Ga. 790 (273 SE2d 158) (1980), where the defendant, without filing an answer, appeared and contested a temporary restraining order, but later filed a timely answer in which improper venue was raised and overruled on the ground of waiver by general appearance, the court held that "[s]ince defendant Shaheen raised the defense of improper venue in his answer . . . we hold that under the CPA there has been no waiver of this defense." Id. at 793.

This court follows these earlier precedents of the Supreme Court. In *Gaddis v. Dyer Lumber Co.*, 168 Ga. App. 334 (308 SE2d 852) (1983), a defendant appeared specially and filed his answer in which he asserted insufficiency of service. Plaintiff moved for summary judgment and the defendant appeared at the hearing on the motion. Plaintiff contends that by defendant's appearance before the court, he waived "his right to claim the trial court's lack of personal jurisdiction over him as a defense." Id. at 335. This court held that "jurisdiction of the person is waived by the making of a general appearance without specially reserving the matter in the answer or other defensive pleading. [Cits.] In the instant case, [the defendant] satisfied the above Code section [OCGA § 9-11-12 (h)] by raising this issue in his answer. Therefore, *his appearance before the trial court subsequent to the filing of his pleading in which he contested the sufficiency of process did not amount to a waiver of that defense.*" (Emphasis supplied.) Id. at 335.

In the case at bar, the trial court recognized and addressed the issue of waiver by the defendant in filing a motion for summary judgment. The court cited the fact that Bienert, in his brief on the motion for summary judgment, re-alleged the insufficiency of service of process. The court was aware of the impropriety of consideration of issues such as insufficiency of service on a motion for summary judgment, citing *Pickett v. Paine*, 230 Ga. 786 (199 SE2d 223), and knew the proper procedure would have been to request a hearing under OCGA § 9-11-12 (d). *Hayes v. Superior Leasing Corp.*, 136 Ga. App. 98, 99 (220 SE2d 86) (1975). However, the court was also aware that a

court is not bound by the nomenclature of a pleading. "The well established rule in Georgia is that, under our system of notice pleading, the substance, rather than the nomenclature, of legal pleadings determines their nature." *Cotton v. Fed. Land Bank*, 246 Ga. 188, 191 (269 SE2d 422) (1980). Thus, the court found that Bienert's "motion for summary judgment is actually a motion to dismiss or in the alternative a motion for summary judgment" and that "the hearing on Bienert's motion for summary judgment was in essence a preliminary hearing" in which it found "Bienert's defense of insufficiency of service of process has not been waived and therefore this Court cannot exercise in personam jurisdiction over this defendant."

" 'While a party may by his conduct . . . waive a legal right, still where as here the only evidence of an intention to waive is what a party does or forbears to do, "his acts or omissions to act, relied on should be so manifestly consistent with and indicative of an intention to voluntarily relinquish a then known particular right or benefit, that no other reasonable explanation of his conduct is possible." ' " *Georgia Power Co. v. O'Bryant*, supra at 492. It is clear that defendant Bienert preserved his issues of lack of service and insufficiency of service by pleading them in accordance with OCGA § 9-11-12, and by reasserting them in his motion for summary judgment documented his intent that he did not waive them, and this was recognized and adhered to by the trial court. This court has recently considered a similar issue in which a defendant made a special appearance to contest sufficiency of service in his answer, but "on the eve of trial . . . made an oral motion to dismiss," and in this whole court case, found that the defendant "preserved its service defense." *CMT Investment Co. v. Automated Graphics Unlimited*, 175 Ga. App. 353, 354 (333 SE2d 196) (1985).

In *Glass v. Byrom*, 146 Ga. App. 1, 2 (245 SE2d 345) (1978), this court held that "[d]efendant's appearance in the action by the filing of an answer and raising the defense of insufficiency of service of process and answering interrogatories did *not* constitute a waiver of the defective service." (Emphasis supplied.) "A party may set forth two or more statements of a claim or defense alternatively or hypothetically. . . . A party may also state as many separate claims or defenses as he has, *regardless of consistency.* . . ." (Emphasis supplied.) OCGA § 9-11-8 (e) (2); see also Davis & Shulman's Georgia Practice & Procedure § 8-13. "Pleading to the merits does not admit the jurisdiction, if at the same time exception be taken thereto." *Cox*, supra at (2).

The trial court did not err in dismissing appellants' claims against Dr. Bienert.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JULY 6, 1987 —
REHEARING DENIED JULY 20, 1987.

*Robert A. Falanga, Jesse E. Barrow III*, for appellants.
*Brynda Sue Rodriguez, Michael G. Frick*, for appellees.