### 76982. GARRETT et al. v. GODBY et al.
(375 SE2d 103)

POPE, Judge.

On May 24, 1985, plaintiffs filed a claim against defendant James G. Godby and others for personal injury arising out of an automobile accident which occurred on June 4, 1983. The complaint alleged Godby resided at 7590 Jonesboro Road in Fairburn. The sheriff's return of service showed Godby was served personally on May 31, 1985 at the stated address. On July 25, 1985, Godby filed an answer in which he asserted the defense of insufficient service. In answers to plaintiffs' interrogatories, Godby explained his insufficiency of service defense by stating service was made on his father who lives across the street from Godby. Plaintiff submitted evidence that the answers to

interrogatories were received from defendant's counsel in mid-November 1985. In the following months, extensive discovery on the merits of the case was pursued by both parties. On April 4, 1986, Godby moved to dismiss the action on the ground of insufficiency of service. Service was perfected by leaving a copy of the complaint with defendant's wife at his residence on April 11, 1986. However, defendant's motion to dismiss was granted and plaintiffs appeal.

1. We first address plaintiffs' third enumeration of error, in which plaintiffs contend the trial court did not apply the proper evidentiary standard in ruling on defendant's motion. Plaintiffs make much of the fact that conflicting evidence was presented concerning defendant's mailbox number. Defendant's answer to interrogatories stated his address was Route 4, Box 113-A, Fairburn, Georgia. On the other hand, affidavits submitted by defendant and his father in support of the motion to dismiss state defendant's address is Box 113 and the father's address is Box 113-A. However, defendant's mailbox number is not a material issue in the case.

The sheriff's return of service indicates defendant was personally served at a stated street address. The return of service establishes prima facie evidence that personal service was made upon defendant. See *Brown v. WTA/CHC, Inc.*, 172 Ga. App. 636 (324 SE2d 205) (1984). However, affidavits submitted by defendant dispute the information contained in the return of service. Thus, an issue of fact was created for determination by the trial court. This court will not disturb the trial court's finding that service was insufficient where, as here, evidence was presented to support those findings. Id.

2. Plaintiffs argue that even if process papers were left with defendant's father, the original attempt at service was not invalid.

Pursuant to OCGA § 9-11-4 (d) (7), service of process upon this individual defendant should have been made personally "or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . ." Evidence was presented that process papers were left with defendant's father at the father's residence, not at the defendant's residence. Thus, service in this case did not comply with the rule requiring service to be made upon a suitable person residing at the defendant's residence. Nevertheless, defendant does not dispute that he received notice of the suit. Plaintiffs argue, therefore, that strict compliance with the statutory rule should not be necessary pursuant to this court's holding in *Brim v. Pruitt*, 178 Ga. App. 321 (342 SE2d 690) (1986).

In *Brim v. Pruitt*, this court found service was sufficient because process papers were left with a visitor *at the defendant's home*, because defendant received actual notice of the lawsuit and because plaintiff had shown extreme diligence in attempting to trace the de-

fendant's whereabouts and perfect service. The "substantial compliance" exception to strict compliance with statutory rules governing service of process, as set forth in *Brim*, was based upon the fact that the applicable statute (OCGA § 9-11-4 (d) (7)) "recognizes that notice can be accomplished by giving the papers to someone else . . . so long as it is the usual place of abode." Id. at 325; see *Adams v. Gluckman*, 183 Ga. App. 666 (359 SE2d 710) (1987). The substantial compliance exception set forth in *Brim* is applicable only when the defendant has received actual notice after service upon a person who was present at the defendant's place of abode, even though the person who received service was not "residing therein." See *Sanders v. Johnson*, 181 Ga. App. 39 (1) (351 SE2d 216) (1986); see also *Roberts v. Bienert*, 183 Ga. App. 751 (1) (360 SE2d 25) (1987); *Adams v. Gluckman*, supra. Service upon a relative of the defendant at a place other than defendant's residence or usual place of abode is insufficient. *Freeman v. Nodvin*, 181 Ga. App. 663 (353 SE2d 546) (1987).

We reject plaintiffs' argument that defendant waived the insufficiency of service defense by postponing the filing of a motion to dismiss until after he had engaged in extensive discovery on the merits of the complaint. Defendant preserved the defense by raising it in his answer as required by OCGA § 9-11-12 (b) (5). He continued to assert the defense in answers to interrogatories. Participation in discovery after the defense of insufficiency of service has been properly raised in an answer to a complaint does not constitute a waiver of the defective service. *Glass v. Byrom*, 146 Ga. App. 1 (245 SE2d 345) (1978).

3. Plaintiffs, nevertheless, argue the service which was eventually perfected on April 11, 1986, after the period of limitation had expired, was sufficient.

"Where the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back (if the service is more than five days after the filing) depends on the length of time and the diligence used by the plaintiff." *Bible v. Hughes*, 146 Ga. App. 769, 770 (247 SE2d 584) (1978). The alleged negligent act out of which this lawsuit arose occurred on June 4, 1983. Thus, the two-year period of limitation expired on June 4, 1985. Suit was filed within the limitation period on May 24, 1985. The sheriff's return of service in this case showed that personal service was made upon defendant at his residence on May 31, 1985. Until plaintiffs learned otherwise, they may have been justified in relying on the return of service and taking no further steps to assure service was properly perfected within the limitation period.[1] However, the defense of insufficiency of service

---

[1] Compare the sequence of events in this case to those set forth in *Miller v. Hands*, 188 Ga. App. 256 (372 SE2d 657) (1988). In *Miller*, the defendant raised the defense of insufficiency of service of process in her answer. Plaintiff relied, however, on the sheriff's return of

was raised in defendant's answer filed on July 5, 1985. Defendant set forth the facts upon which his defense was based by answer to interrogatories which plaintiffs received by mid-November 1985. "[Plaintiffs'] receipt of [defendant's] responsive pleading . . . should have put them on notice and inspired them, through counsel, to exercise the greatest possible diligence to insure proper and timely service." *Roberts v. Bienert*, 183 Ga. App. at 752. However, plaintiffs apparently made no effort to perfect service until April 11, 1986, nine months after the defense was raised and five months after the defendant had fully informed plaintiffs of the factual basis for his defense. The facts of this case show plaintiffs were not diligent in assuring that the defendant was properly served and, therefore, the holding in *Brim v. Pruitt*, supra, is further distinguished. See *Roberts v. Bienert*, supra.

Where the plaintiff fails to show diligence in serving the defendant, late service will not relate back to the date the complaint was filed. See *Bible v. Hughes*, supra (service 56 days after filing, which was 49 days after the period of limitation expired, was insufficient); *Webb v. Murphy*, 142 Ga. App. 649 (236 SE2d 840) (1977) (service 54 days after the period of limitation expired was insufficient); *Early v. Orr*, 135 Ga. App. 887 (219 SE2d 622) (1975) (service 70 days after the period of limitation expired was insufficient). Consequently, the trial court did not err in granting defendant's motion.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 21, 1988 —
REHEARING DENIED NOVEMBER 7, 1988 — 

*David G. Chiodo*, for appellants.
*Chambers, Mabry, McClelland & Brooks, Clyde E. Rickard III, Powell, Goldstein, Frazer & Murphy, Cary Ichter*, for appellees.

---

service which recited that personal service had been perfected. The defendant made no further issue of her insufficiency of service defense until she filed a motion to dismiss. The trial court concluded that service made after the motion was filed was perfected sufficiently diligently to relate back to the date the complaint was filed and this court affirmed that decision. By contrast, the case now before us involves more than just a conflict between the "boilerplate" language of an affirmative defense and the information contained within the sheriff's return of service. Here, the defendant, in his sworn answers to interrogatories, contradicted the sheriff's return of service. Plaintiffs in the instant case thus received sworn information explaining why service was insufficient long before the motion to dismiss was filed and yet were not diligent in perfecting service.