### 46827. BIBLE v. BIBLE.
(383 SE2d 108)

HUNT, Justice.

We granted this application to consider the question whether alternative service made at a defendant's residence upon a person not "residing therein" constitutes sufficient service under Georgia law.

The trial court, construing OCGA § 9-11-4 (d) (7) found substantial compliance with that section where service on the wife in this divorce action was made by leaving a copy of the complaint and summons at her home in South Carolina with the wife's employee, who did not live there.[1] OCGA § 9-11-4 (d) (7) provides:

> Service shall be made by delivering a copy of the summons and a copy of the complaint to the defendant personally or by leaving copies at his dwelling or usual place of abode with someone of suitable age and discretion *residing therein. . . .* [Emphasis supplied.]

---

[1] Here it is unclear what service provision applied or was attempted. The husband alleged in his complaint the wife was a resident of Georgia but could be served at an address in South Carolina. If true, the only valid service on the wife would have been personal service under OCGA § 9-11-4 (e) (2). The OCGA § 9-11-4 (d) (7) provision for service on a person then "residing therein," at the defendant's dwelling, cannot apply where the defendant is only sojourning, rather than residing. However, it appears the wife was a resident of South Carolina at the time the complaint was filed. In that case, she was subject to jurisdiction under the domestic relations long arm statute, OCGA § 9-10-91 (5), compare *Smith v. Smith,* 254 Ga. 450 (330 SE2d 706) (1985) with *Popple v. Popple,* 257 Ga. 98 (355 SE2d 657) (1987), the appropriate service provision for which is contained in OCGA § 9-10-94 rather than OCGA § 9-11-4 (d) (7). That section provides for service on a non-resident in the same manner as service is made within the state where the defendant resides. Coincidentally, the South Carolina statute, SCRCP 4 (d) (1) is identical to OCGA § 9-11-4 (d) (7). The husband cites no authority and we find none to support a construction of the South Carolina statute contrary to its express terms. Indeed, South Carolina law appears to require strict compliance with its service statutes. See *Seubert v. Buchanan,* 250 S.C. 140 (156 SE2d 632) (1967). Here, the wife was not properly served as either a resident of Georgia, sojourning in South Carolina, under OCGA § 9-11-4 (e) (2), or as a resident of South Carolina subject to jurisdiction under the long arm statute, OCGA § 9-10-94. Nevertheless, this case is presented to us for a construction of OCGA § 9-11-4 (d) (7), and for a determination of the validity of the "substantial compliance" rule of *Brim v. Pruitt,* 178 Ga. App. 321, 325 (342 SE2d 690) (1986) and *Sanders v. Johnson,* 181 Ga. App. 39 (351 SE2d 216) (1986).

The trial court held that although service was not made as required by the statute on one "residing therein," service was nevertheless proper under the "substantial compliance" rule established in *Brim v. Pruitt*, 178 Ga. App. 321 (342 SE2d 690) (1986), because the wife had actual notice of the suit. In *Brim*, the Court of Appeals, construing the validity of service under OCGA § 9-11-4 (d) (7) on a person at the defendant's home but who did not live there, held:

> [T]here is undisputed evidence that [the defendant] received actual and prompt possession of the papers with knowledge of their significance. In such circumstances the law should be construed to have been fulfilled. Substantial compliance is all that is necessary.

Id. at 325. See also *Sanders v. Johnson* 181 Ga. App. 39 (351 SE2d 216) (1986).

We hold OCGA § 9-11-4 (d) (7) means exactly what it states, and that service under this section must be made as provided. See *DeJarnette Supply Co. v. F. P. Plaza*, 229 Ga. 625, 626 (4) (193 SE2d 852) (1972). As Judge Benham noted in his dissenting opinion to *Sanders v. Johnson*, supra, the language of the statute is so plain and unambiguous that judicial construction is both unnecessary and unauthorized. *Board of Trustees v. Christy*, 246 Ga. 553, 554 (1) (272 SE2d 288) (1980). *Sanders v. Johnson*, supra at 40-41 (Judge Benham, dissenting). Moreover, there is no authority to dispense with the clear requirements of OCGA § 9-11-4 (d) (7) merely because the defendant may otherwise obtain knowledge of the filing of the action. See *Radcliffe v. Boyd Motor Lines*, 129 Ga. App. 725, 731 (201 SE2d 4) (1973). Accordingly, *Brim v, Pruitt*, supra, and *Sanders v. Johnson*, supra, are overruled, and the trial court's order denying the wife's motion to dismiss for improper service is reversed.[2]

*Judgment reversed. All the Justices concur, except Weltner, J., not participating.*

DECIDED SEPTEMBER 6, 1989 —
RECONSIDERATION DENIED SEPTEMBER 27, 1989.

*Broules, Dunstan & Dunstan, J. Richard Dunstan,* for appellant.

---

[2] *Gant v. Gant*, 254 Ga. 239 (327 SE2d 723) (1985) cited by the majority in *Brim v. Pruitt*, supra, for the proposition that where actual notice of suit is received by the defendant the rules regarding service should be liberally construed to effectuate service, involved a minor defect in the wording on the summons. We decline to extend the holding in that case to allow the provisions regarding the *method* of service to be ignored altogether.

*Carl J. Surrett, Kenneth R. Chance,* for appellee.