A90A0966. WHEELER'S, INC. v. WILSON.
(396 SE2d 790)

BEASLEY, Judge.

The particulars which gave rise to this lawsuit are fully set forth in *Wilson v. Wheeler's, Inc.*, 190 Ga. App. 250 (378 SE2d 498) (1989). Wheeler's, a building supply store, had taken out a criminal warrant against Wilson for presenting an allegedly bad countercheck, and she was arrested and released on bond. The assistant solicitor ultimately recommended that the charge against her not be prosecuted. Wilson sued for malicious prosecution. This court reversed the grant of summary judgment to Wheeler's and remanded the case for resolution of the facts as to whether Wheeler's acted reasonably in prosecuting.

Wheeler's then filed in the trial court a motion to dismiss the complaint on the basis of insufficient service of process. Later, it amended the motion to demand dismissal on the merits and judgment in its favor on all remaining issues. Wheeler's also counterclaimed for special damages, costs, and attorney fees. We granted interlocutory appeal from an adverse ruling.

The issue posed by three enumerations of error, the disposition of which moots the fourth, is whether Wheeler's by its actions waived an alleged defect in service and thereby consented to the jurisdiction

of the trial court.

*Roberts v. Bienert*, 183 Ga. App. 751, 755 (2) (360 SE2d 25) (1987), is the culmination of a line of cases which carve an exception to the general rule that "if there is a defect in service of process, 'any act by which one consents to the jurisdiction of the court constitutes a waiver [Cits.].' " *Georgia Power Co. v. O'Bryant*, 169 Ga. App. 491, 492 (313 SE2d 709) (1984), cited in *Roberts*, supra at 753. *Stallings v. Stallings*, 127 Ga. 464 (6) (56 SE 469) (1906), stated the exception: "The rule that appearance and pleading waives irregularities in the process or its absence, and the service thereof, and the other rule which declares that if a defendant appear and plead to the merits, without pleading to the jurisdiction and without excepting thereto, he admits the jurisdiction of the court, have no application so as to effect a waiver where the defendant excepted to the service, moved to dismiss the case for want of service, and pleaded to the jurisdiction at the time of filing his defense."

*Stallings* was built on such precedents as *Western &c. R. Co. v. Pitts*, 79 Ga. 532 (4 SE 921) (1887), and *Cox v. Potts*, 67 Ga. 521 (1881). *Stallings* has been consistently relied on as authority for the proposition that "pleading to the jurisdiction and . . . excepting thereto" will vitiate any waiver that may otherwise be implied when the party also pleads to the merits. See, e.g., *Shaheen v. Dunaway Drug Stores*, 246 Ga. 790 (273 SE2d 158) (1980); *Weems v. Weems*, 225 Ga. 154 (166 SE2d 352) (1969); *Barker v. Wilkinson*, 222 Ga. 329 (149 SE2d 698) (1966); *Milam v. Terrell*, 214 Ga. 199 (104 SE2d 219) (1958); *Gaddis v. Dyer Lumber Co.*, 168 Ga. App. 334 (308 SE2d 852) (1983).

This case comes within that class of cases acknowledged in *Roberts* where a party by its conduct waives a legal right. That principle was applied in *Roberts* and it was the court's opinion that defendant did not fall within its governance. The factors it considered were that Bienert had pleaded the issues of lack of service and insufficiency of service, that he had reasserted them in his motion for summary judgment, "document[ing] his intent that he did not waive them," and that the trial court had recognized and adhered to this affirmative assertion.

Here, although Wheeler's pleaded insufficient service of process in its answer, it did not move for a hearing on the issue until after the appeal of its motion for summary judgment on the merits was ruled on adversely to it by this Court. *Wilson v. Wheeler's*, supra. Defendant Wheeler's did not reassert it in its motion for summary judgment. Therefore it was not recognized as still ambient, and neither the court nor the opponent was put on notice that this waivable preliminary jurisdictional defense would be insisted on. Nor did this court have the issue before it when it labored over the case the first time. Even

in its brief in this court, defendant characterized its motion only as one for partial summary judgment as to liability.

The acts and omissions to act of Wheeler's are " ' "so manifestly consistent with and indicative of an intention to voluntarily relinquish a then known particular right or benefit, that no other reasonable explanation of [its] conduct is possible." ' " *Georgia Power Co. v. O'Bryant,* supra. As the court highlighted in that case, in which the issue was whether defendant by its actions waived any defect in service and thus consented to the jurisdiction of the trial court, *"any act by which one consents to the jurisdiction of the court constitutes a waiver."* Id. at 492.

The orderly disposition of cases demands adherence to this rule. This is especially true in light of the state's fundamental policy, expressed in its constitution, that the resolution of disputes is to be by a process that is "speedy, efficient and inexpensive." Ga. Const. 1983, Art. VI, Sec. IX, Par. I. That policy is carried forward as the stated spirit of the Civil Practice Act: "to secure the just, speedy, and inexpensive determination of every action." OCGA § 9-11-1.

This two-party case was filed on July 23, 1987. Defendant's answer, filed in August, states as the second defense that "Process and service of process herein is insufficient at law." Defendant Wheeler's motion for summary judgment on the merits, filed the following April, did not mention this defense or allude to it in any way. Discovery, a number of briefs, and affidavits were filed over a period of several months. Never once in the record beyond the answer did defendant put forth, either in argument or in discovery, the issue of sufficiency of service. It acknowledges on appeal that it could have been pursued earlier, by motion. Whether it waited so as to allow the statute of limitation to expire before a ruling that service was insufficient is not shown. (The parties are in dispute over whether the two-year statute expired February 22, 1988, so that the cause would have been dead even before defendant filed its motion for summary judgment on it, or on August 24, 1988, so that pursuit of the issue at the time the motion for summary judgment was filed could have afforded the opportunity for new service if deemed necessary.)

The return of service is not even in that record. All of the litigation activity culminated on June 29, when the trial court granted the motion after "careful review" of the entire record.

As was fairly inevitable, plaintiff appealed the summary ending of her hotly-contested lawsuit. The record was copied and sent up, briefs were filed, and the prescribed three judges of this court examined the case and set out their opinion reversing the judgment in January 1989. In its brief in this court, Wheeler's contended that it relied in the trial court on two defenses, immunity under OCGA § 16-9-20 and probable cause. Nothing was said of service of process. After

this court ruled that the statutory immunity was inapplicable and that issues of fact existed regarding probable cause, Wheeler's, not content to go back to the superior court for trial or even to attempt to resurrect its sufficiency of service defense, filed a substantial motion for rehearing and then petitioned for certiorari, invoking the time and consideration of seven more judges. It was denied. 190 Ga. App. 899.

On April 24, 1989, soon after the remittitur and close to two years after suit was filed and service made, and after all the foregoing-described water had flowed over the dam, and after plaintiff had filed a motion to dismiss or for summary judgment on the counterclaim, defendant moved to dismiss plaintiff's claim for failure of service, claiming that the person served was not a proper person upon whom to perfect service.

Again, after a number of briefs, documents, amendments, and orders constituting 278 pages of record, the trial court denied the motion to dismiss the complaint on this ground. It regarded as controlling the *Roberts* case and cited also *Bigley v. Lawrence*, 149 Ga. App. 249, 250 (253 SE2d 870) (1979). The latter held that where defendant files a motion for summary judgment based on the merits of the case, he has made a general appearance and waived any defects in the service of the complaint. That case has not been overruled and was cited in *Roberts*, supra at 753.

Defendant attempts to cast the burden on plaintiff to pursue reserving defendant when the affirmative defense is raised, rather than acknowledging its burden as to the affirmative defense it has raised and to pursue to judicial determination whether initial service was insufficient and re-service is necessary. Wheeler's fails to accept that such a defense may be waived even if initially raised. It was defendant's obligation to bring the affirmative defense to the attention of the court at the proper time if it wished to make an issue of it.

Here there was a waiver. Defendant went forward with an attack on liability, investing extensive time and money and requiring the same of its opponent, and also invoking the time and attention of three courts and eleven judges to the merits and to its immunity defense. There is nothing equivocal about its actions here, which speak louder than its lament as to its late-resurrected, logically threshold defense. Its acts belie its insistence on a preliminary matter pursued only after this court has sent the case back to the trial court for trial on the merits of the plaintiff's claim.

Concluding that waiver occurred complies with OCGA § 9-11-12 (g) and (h). Subsection (g) allows consolidation of motions regarding then-available defenses as listed in subsection (b). It precludes their being raised thereafter. Subsection (h) expressly states that such defenses, including sufficiency of service, are waived "[i]f omitted from a motion in the circumstances described in subsection (g) of this Code

section." The record establishes that the sufficiency of service defense was available to Wheeler's when it made its motion for summary judgment on liability on April 13, 1988, and Wheeler's does not suggest otherwise. Its non-action at that time with respect to this defense, and its actions thereafter up to the time it filed the motion to dismiss on April 24, 1989, following remittitur from this court, constitute waiver.

To say at this stage of these protracted proceedings that service, the object of which is to provide the opportunity to be heard, (*Weddington v. Kumar*, 149 Ga. App. 857, 858 (256 SE2d 141) (1979); *Tyree v. Jackson*, 226 Ga. 690, 693 (177 SE2d 160) (1970)), may not have been properly accomplished, is ludicrous. The lengthy and vigorous litigation in which defendant participated is much more action-packed than in *Ga. Power v. O'Bryant*, supra, where the crucial act of waiver was defendant's failure to make any mention of its service of process defense in the pretrial order.

*Judgment affirmed. Pope, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JULY 16, 1990 —
REHEARING DENIED JULY 30, 1990 — CERT. APPLIED FOR.

*Barry V. Smith*, for appellant.
*Duard R. McDonald*, for appellee.