A90A1596. ACORD et al. v. MAYNARD.
(401 SE2d 315)

SOGNIER, Chief Judge.

Barbara Maynard brought a personal injury action against Lillie Acord and Wilford Acord. The trial court denied the Acords' motion for summary judgment, and we granted their application for interlocutory appeal.

We reverse the trial court's denial of appellants' motion. Appellee filed suit against appellants on October 25, 1988 seeking damages for injuries she incurred in an automobile accident on October 27, 1986. The record reflects that a non est return was filed on November 1, 1988, due to the absence of an apartment number on the address in the complaint, and that the November 29, 1988 return was based on notorious service, a copy of the action and summons having been delivered to an unidentified person (whom both parties agree was a woman), described in the return as being about 35 years old, 130 pounds, and five feet six inches in height. Appellants filed a special answer controverting the sufficiency of the service on them and moved to dismiss the complaint. Appellants averred in affidavits attached to the motion that they have resided alone at the referenced address for more than three years, that their only neighbor is a woman in her seventies, and that on November 29, 1988 they returned home to discover the complaint and summons left inside the screen door of their home by someone unknown to them.

In response, appellee filed the affidavit of Clifford Alexander, her attorney, who averred that he was contacted on December 1, 1988 by a woman who identified herself as Charlotte Acord, the daughter of appellants. He averred that the woman told him "she had received

the papers from the [deputy] at her parents['] residence and given them to her mother and father." Thereafter, appellants filed the affidavit of Charlotte Acord, in which the affiant averred that she was the daughter-in-law of appellants; that she did not reside with them but lived elsewhere; that she did not receive copies of the summons and complaint at appellants' residence because she was at work that day (and attached her timecard); and that while she had contacted Alexander, she never represented herself as appellants' daughter and had not told him she had received papers on their behalf.

The trial court denied appellants' motion to dismiss and their subsequent motion for summary judgment, which was filed October 3, 1989 on the basis of *Bible v. Bible*, 259 Ga. 418 (383 SE2d 108) (1989). *Bible* abolished the "substantial compliance" rule in regard to service of process and overruled the cases promulgating that rule, *Brim v. Pruitt*, 178 Ga. App. 321 (342 SE2d 690) (1986) and *Sanders v. Johnson*, 181 Ga. App. 39 (351 SE2d 216) (1986). In view of that controlling authority, even construing the evidence in favor of appellee as the respondent on motion for summary judgment, see generally *Gresham v. Atlanta Gas Light Co.*, 193 Ga. App. 841, 843 (1) (389 SE2d 502) (1989), and assuming that the woman who received the service papers was Charlotte Acord, the evidence is uncontroverted that Charlotte Acord was not residing at appellants' home. Thus, the alternative service made at appellants' residence upon a person not residing therein was improper because contrary to the requirement of OCGA § 9-11-4 (d) (7); *Bible*, supra, and the trial court erred by denying appellants' motion.

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 9, 1991.

*Swift, Currie, McGhee & Hiers, William P. Claxton*, for appellants.

*Clifford E. Alexander*, for appellee.