## A93A0048. GARY v. HOBSON.
(431 SE2d 753)

POPE, Chief Judge.

Plaintiff Michael Gary attempted to file a complaint for personal injury in the Superior Court of Lowndes County. In the complaint plaintiff alleges that while he was incarcerated at the State Correctional Institution in Valdosta the defendant, who was at the time a fellow prisoner, attacked and injured him on July 17, 1990. The complaint alleges the defendant now resides in Kentucky. Although the record does not reflect when the plaintiff presented the complaint for filing, the record contains a letter to plaintiff from the trial judge, dated July 14, 1992, informing plaintiff that because the complaint alleges the defendant resides in Kentucky the Superior Court of Lowndes County "obviously has no jurisdiction" and stating that the documents he sought to file with the court were being returned to him. Obviously, then, plaintiff attempted to file the complaint within the applicable two-year period of limitation. Plaintiff then filed a motion to file the complaint in which he cited the Georgia Long Arm Statute. The motion was denied and plaintiff appeals.

The trial court erred in refusing to permit plaintiff to file the complaint. Pursuant to OCGA § 9-10-91 (2), personal jurisdiction may be exercised over a nonresident who "[c]ommits a tortious act or omission within this state. . . ." Pursuant to OCGA § 9-10-93, venue in a case based on long arm jurisdiction "shall lie in any county wherein . . . the act or omission occurred. . . ." Plaintiff's complaint alleges defendant committed the tortious act which forms the basis for his complaint in Lowndes County. Both jurisdiction and venue, then, are proper in Lowndes County providing, of course, that defendant is properly served. Even if jurisdiction and venue are not properly founded in the trial court in which a complaint is filed, it is improper for the trial court to refuse to permit the complaint to be

filed on such grounds because personal jurisdiction and venue are defenses for the defendant to raise, and may be waived if not properly raised. OCGA § 9-11-12 (h). On remand, the trial court is ordered to permit plaintiff's complaint to be filed nunc pro tunc of the date it was received by the clerk of the court.

*Judgment reversed with direction. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 1, 1993.

Michael Gary, *pro se.*
Tony Hobson, *pro se.*