## A00A0846. EXUM et al. v. MELTON et al.
### (536 SE2d 786)

MILLER, Judge.

In June 1994, Albert L. Exum, individually and as administrator of the estate of his late wife, commenced this medical negligence action against Dawn Acree, M.D., Howard L. Melton, M.D., Melton's professional corporation, and South Georgia Medical Center in the State Court of Lowndes County. Within two weeks, service of process on Melton was attempted at his office by delivering the summons and complaint into the hands of Kristie Brown, ostensibly at Melton's "most notorious place of abode. . . ." Service on the corporation was made by leaving a copy of the summons and complaint with Brown, ostensibly "in charge of the office and place of doing business of said Corporation in this County." Acree, Melton, and the corporation jointly answered, raising, inter alia, objections to jurisdiction, venue, and the sufficiency of service of process.

In January 1995, defendants successfully moved to extend the time for discovery until the entry of the pretrial order. In January 1998, plaintiffs dismissed the claim against South Georgia Medical Center with prejudice, and in the following September, Melton and his corporation moved to dismiss for insufficiency of service of process or, alternatively, to transfer the case to Cook County, where defendant Acree resided. This motion was granted by dismissing the case against Melton and his corporation and by transferring the case against Acree to Cook County. On appeal, Exum contends dismissal was erroneous because (1) the trial court had no jurisdiction to rule on the motion, (2) service was sufficient, (3) defendants waived any insufficiency of service of process, and (4) Melton was personally served promptly after the motion. We affirm the dismissals.

1. *Jurisdiction.* Exum first argues the trial court had no jurisdiction to consider the motion to dismiss, because venue (and so personal jurisdiction) vanished with the dismissal of the Medical Center, the sole resident of Lowndes County.

Under former OCGA § 9-10-31 and current OCGA § 9-10-31 (a), alleged joint tortfeasors, residing in different counties, are subject to

suit in any county in which one or more defendants reside.[1] If the sole resident defendant is dismissed or is found not liable, venue as to the remaining defendants is said to vanish, in which case the court is without personal jurisdiction to enter a binding judgment on the merits against the nonresident defendants.[2] Personal jurisdiction and venue are defenses for the defendant to raise, and may be waived,[3] even though properly preserved in the pleadings.[4] Here, the order granting defendants' OCGA § 9-11-12 (b) (5) motion to dismiss due to insufficiency of service of process is a matter of abatement only, and not a judgment on the merits.[5] After venue vanishes, the trial court still retains jurisdiction to order the case transferred to a court where venue is appropriate.[6] In our view, the trial court also retains jurisdiction to consider and grant a defendant's motion to dismiss on a matter of abatement, rendering the need to transfer moot.[7]

2. *Waiver.* The alleged negligence occurred in April 1993, suit commenced in June 1994, discovery lasted four years, and then in September 1998, after the two-year statute of limitation[8] and the five-year statute of ultimate repose[9] had lapsed, defendants moved to dismiss due to lack of proper service.

(a) Although Exum calls this defense "boilerplate," such rhetoric does not deprive the timely objection to service of its validity.[10] Receipt of the answer raising insufficiency of service of process should have put Exum and his counsel on notice of a possible jurisdictional flaw, invoking the related duty to exercise the greatest possible diligence to perfect timely service.[11] Depositions and interroga-

---

[1] *Ford v. Uniroyal Goodrich Tire Co.*, 270 Ga. 730, 733 (3) (514 SE2d 201) (1999).

[2] *Collipp v. Newman*, 217 Ga. App. 674, 675 (458 SE2d 701) (1995).

[3] *Gary v. Hobson*, 208 Ga. App. 781, 782 (431 SE2d 753) (1993).

[4] "[A] person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest." OCGA § 1-3-7.

[5] *Wilson v. Ortiz*, 232 Ga. App. 191, 194 (1) (a) (501 SE2d 247) (1998).

[6] *Collipp v. Newman*, supra, 217 Ga. App. at 676 (trial court erred in denying motion to transfer).

[7] See *Culwell v. Lomas & Nettleton Co.*, 145 Ga. App. 519, 522-523 (2) (244 SE2d 61) (1978), rev'd on other grounds, 242 Ga. 242 (248 SE2d 641) (1978) (holding judicial economy and justice authorized trial court's direction of verdict against nominal defendant who had not been served, because judgment on that directed verdict did not adjudicate any rights). We recognize there is obiter dicta arguably to the contrary in *Hubbert v. Williams*, 175 Ga. App. 393, 396 (3) (333 SE2d 425) (1985), cited in *Airgrowers, Inc. v. Tomlinson*, 230 Ga. App. 415, 417 (496 SE2d 528) (1998). Neither case addressed the jurisdiction of the original court to decide a matter of abatement under the Civil Practice Act, OCGA § 9-11-12 (b) (5). Each case recognized that, when a defendant *objects* to venue, dismissal of the action for want of venue no longer is an authorized remedy after the promulgation of the Uniform Transfer Rules, 251 Ga. 893-895 (1984), and in that context, transfer is the sole authorized action.

[8] OCGA § 9-3-71 (a).

[9] OCGA § 9-3-71 (b), (c).

[10] *Flemister v. Hopko*, 230 Ga. App. 93, 95 (2) (495 SE2d 342) (1998) (so-called "boilerplate" language in answer alerts plaintiff that service may not have been proper).

[11] *Roberts v. Bienert*, 183 Ga. App. 751, 752 (1) (360 SE2d 25) (1987). See also *Patterson*

tories are available to discover any evidentiary basis for such "boilerplate" defenses, and a request for admissions can promptly and economically confirm or dispel the sufficiency of service of process. If a defendant denies the sufficiency of service, he can be served again, or an acknowledgment of service of the summons and complaint can be requested.[12]

(b) Properly preserved[13] defenses under OCGA § 9-11-12 (b) can be raised as late as the pretrial conference, although they are waived if omitted from any ensuing pretrial order.[14] Waiver of a Civil Practice Act § 12 (b) (5) defense by any other conduct will be found only if the party acts in a manner so manifestly indicative of an intention to relinquish a known right or benefit that no other reasonable explanation of its conduct is possible.[15]

Here, there is no pretrial order limiting the issues for trial, and the case does not appear on any trial calendar. Engaging in extensive discovery does not conclusively manifest the intent to relinquish a known right or benefit,[16] nor does it necessarily amount to consent to jurisdiction. In precedents[17] finding a waiver of a valid objection to service of process, defendant either omitted the claim from the pretrial order[18] or else substantially participated in litigation on the merits before raising the objection for decision by the court.[19] No such conduct was engaged in by Dr. Melton or his professional corporation. The trial court correctly concluded that no waiver occurred.

---

v. Johnson, 226 Ga. App. 396, 398 (486 SE2d 660) (1997).

[12] See Humphries v. McWhorter & Brightwell, 25 Ga. 37, 39 (1858) (defendant's acknowledgment of service and waiver of further process sufficient to give court personal jurisdiction over him). Compare Stamps v. Bank South, N.A., 221 Ga. App. 406, 409 (1) (471 SE2d 323) (1996) (acknowledgment of service of complaint does not itself waive right to service of summons).

[13] See Maalouf v. Knight, 237 Ga. App. 509, 510 (1) (515 SE2d 650) (1999) (failure to raise defenses of insufficient service, lack of personal service, and improper venue either in the answer or by motion filed before or with the answer constitutes waiver under OCGA § 9-11-12 (h) (1)). Thus, a general appearance amounts to consent to jurisdiction, waiving any valid jurisdictional defects. Ga. Power Co. v. O'Bryant, 169 Ga. App. 491, 492 (313 SE2d 709) (1983) (whole court).

[14] Long v. Marion, 257 Ga. 431, 433 (2) (360 SE2d 255) (1987).

[15] Heis v. Young, 226 Ga. App. 739, 740 (3) (487 SE2d 403) (1997).

[16] Joyner v. Schiess, 236 Ga. App. 316, 318 (512 SE2d 62) (1999); Garrett v. Godby, 189 Ga. App. 183, 185 (2) (375 SE2d 103) (1988); Glass v. Byrom, 146 Ga. App. 1, 2 (245 SE2d 345) (1978). And see Weems v. Weems, 225 Ga. 154, 155-156 (2) (166 SE2d 352) (1969) (no estoppel to contest service despite filing of counterclaim, where written motion to dismiss filed simultaneously with answer and counterclaim).

[17] Wheeler's, Inc. v. Wilson, 196 Ga. App. 622 (396 SE2d 790) (1990), is physical precedent only because one judge concurred in the judgment only. Court of Appeals Rule 33 (a).

[18] Ga. Power Co. v. O'Bryant, supra, 169 Ga. App. 491; Long v. Marion, supra, 257 Ga. at 433 (2).

[19] In the Interest of D. R. W., 229 Ga. App. 571, 575 (2) (494 SE2d 379) (1997); Harrell v. Gomez, 174 Ga. App. 8, 10 (3) (329 SE2d 302) (1985); Wheeler's, Inc. v. Wilson, supra, 196 Ga. App. at 626 (physical precedent only).

3. *Valid service.* The sufficiency of service is a question of fact for the trial court, whose determinations will not be disturbed on appeal if supported by evidence.[20]

It is undisputed that Dr. Melton was not personally served. Rather, the summons and complaint for both Dr. Melton and his professional corporation were accepted at his office by Brown, an LPN who was the office nurse. Brown's duties were to prepare patients for the doctor, give shots, take blood pressure, put patients in rooms, type charts, assist in minor surgeries, and clean up rooms afterwards. In June 1994, Dr. Melton (or his corporation) had a separate full-time employee, Missy Johnson, who was the office manager. Johnson ran the office, submitted insurance claims, and answered the telephone. Nurse Brown would help out answering the telephone. Johnson would greet patients and hand the chart to Nurse Brown, who would lead the patient to an examination room. Nurse Brown had no independent recollection of accepting the summons and complaint for either Dr. Melton or his corporation, but confirmed that, had a deputy sheriff approached her with some papers for Dr. Melton, then she probably would have put them on his desk with the rest of the mail. She also confirmed that she had never been instructed not to accept papers from a deputy. Additionally, Dr. Melton never expressly authorized Nurse Brown to act as his agent for service of process or for any other purpose.

By affidavit, Dr. Melton testified that he is the president and registered agent for service of process of his professional corporation, which is no longer in existence, and that he never gave Nurse Brown permission to accept service for himself personally or for his corporation.

(a) OCGA § 9-11-4 (d) (7) directs that the summons and complaint shall be served together on the defendant personally, or by leaving copies with a resident of suitable age and discretion at defendant's dwelling, or "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." "Unless [the alleged agent] can in some way *bind* the [purported principal] in some business transaction, then he is *not* its agent."[21] The evidence that Nurse Brown was not an authorized agent to accept service on behalf of Dr. Melton personally, or for any other purpose, is sufficient to support the trial court's conclusion that

---

[20] *Garrett v. Godby,* supra, 189 Ga. App. at 184 (1).

[21] (Citations omitted; emphasis supplied.) *Orkin Exterminating Co. v. Thornton,* 111 Ga. App. 636, 637 (142 SE2d 422) (1965). Accord *Southeastern Fidelity Ins. Co. v. Heard,* 123 Ga. App. 635, 638-639 (3) (b) (182 SE2d 153) (1971) (discretionary authority to act for principal distinguishes agent from mere servant or employee).

service on Dr. Melton was insufficient.[22]

(b) A domestic corporation shall be served by delivering the summons and complaint to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof.[23]

The defendant professional corporation was not served by delivering the summons and complaint to Dr. Melton, its president, nor to Johnson, the office manager. Nurse Brown's duties were primarily medical not managerial. Delivery of the summons and complaint to a medical assistant who serves periodically as a receptionist when the office is otherwise empty is insufficient service on the corporate defendant.[24]

4. Personal service on Dr. Melton after the running of the statute of ultimate repose did not vitiate the motion to dismiss under OCGA § 9-11-12 (b) (5) nor render the dismissal erroneous. A second attempt at service four years after the answer raised the insufficiency of service would authorize a conclusion that plaintiff did not use all due diligence to perfect service as quickly as possible, leading to a dismissal with prejudice.[25]

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED JUNE 30, 2000

*Bird, Ballard & Still, William Q. Bird, J. Converse Bright*, for appellants.

*Watson, Spence, Lowe & Chambless, Thomas S. Chambless, Charles K. Wainright II*, for appellees.

---

[22] *Bible v. Hughes*, 146 Ga. App. 769, 771 (3) (247 SE2d 584) (1978) (service on secretary of physician at office address is not personal service on physician unless secretary was appointed as agent for such service). Accord *Nazli v. Scott*, 203 Ga. App. 523, 525 (3) (417 SE2d 187) (1992) (service on office manager does not comply with OCGA § 9-11-4 (d) (7) and so is insufficient as to physician individually).

[23] OCGA § 9-11-4 (d) (1).

[24] See, e.g., *G. J. Soracco, M.D., P.C. v. Domineck*, 233 Ga. App. 166, 169 (502 SE2d 732) (1998) (Beasley, J., concurring specially).

[25] See *Wade v. Whalen*, 232 Ga. App. 765 (1) (504 SE2d 456) (1998) (trial court did not abuse its discretion in ruling that service eight months after the statute of limitation ran did not relate back).